Marshall, C. J.
 

 It will be observed that the amended petition alleged the existence of certain statutes and a general allegation of the failure to comply with them, and further alleged the existence of an Industrial Commission and the failure of defendant to comply with certain unnamed orders of such Commission, but the amended petition failed to point out any particular omissions of duty, and failed to specify any devices, safeguards, methods, or processes designed to safeguard the operator of such a machine against injury, and failed to allege that there were any such safeguards, safety devices, methods, or processes known to persons owning and operating such dangerous machines, or that any guard or mechanism could have been attached to the machine in question to prevent injuries to the operator without materially impairing the efficiency of the machine. It is the duty of a pleader to avoid mere legal conclusions and to avoid mere reference to statutes creating a duty or obligation, and it is well settled that the pleader should state only the operative facts which bring the defendant within the rule of duty created by the statute or orders of the Industrial Commission. This rule applies with strictness to this plaintiff, because attention was particularly directed thereto by the allegations of the answer setting forth that the machine was guarded as much as it was possible to guard the same without interfering with its practical operation, and, after attention was called to that de
 
 *509
 
 feet in pleading, no attempt was made to supply the omission by a further amendment of the petition, nor by definite specifications in the reply. The amended petition contains no reference whatever to Section 1027, General Code, nor to subdivision 7 thereof, which seem much more pertinent .to Ms case than those sections of the Industrial Act wMeh were pleaded by reference. But plaintiff would clearly be entitled to the provisions of Section 1027, General Code, without having pleaded the same, if the amended petition contained allegations of operative facts wMeh were not mere legal conclusions that would bring the case fairly within the operation of subdivision 7 of Section 1027. The amended petition is, however, as deficient on that point as it is in attempting to bring the case within Sections 15, 16, 25 and 29 of the Industrial Commission Act.
 

 A lawful requirement has received a definition in the case of
 
 Ohio Automatic Sprinkler Co.
 
 v.
 
 Fender,
 
 108 Ohio St., 149, 141 N. E., 269, but that definition does not purport to be exclusive, and is merely made inclusive of certain features therein discussed and decided. That term probably never will have its limitations definitely and exclusively defined, being in that respect like fraud, nuisance, and many other legal terms. We do not hesitate to say that the stamping machine referred to in the amended petition is a dangerous one, and that if there were known guards and devices designed to prevent injuries to the operator, which’devices did not interfere with the efficient operation of the machine, and the employer had failed to install the same, resulting in injuries, there would be a liability.
 
 *510
 
 In the
 
 Fender case,
 
 after referring to the duty to create such freedom from danger to the life, health, safety or welfare of employes as the nature of the employment would reasonably permit, it was further stated, by way of application of that general statement, at page 171 of 108 Ohio St. (141 N. E., 276), that “it is incumbent upon the plaintiff to show that some guard could have been attached to this punch press which would have prevented repeating without materially impairing the efficiency of the machine. If no guard had been discovered nor invented at the time of the injury, this employer could not be held responsible for the omission.”
 

 The weakness of the present petition consists not alone in containing mere legal conclusions. The situation is much worse for plaintiff by reason of it appearing throughout the petition that plaintiff’s real complaint is a failure to perform the common-law duties of ordinary care, rather than the failure to observe a lawful requirement. This clearly appears in the italicized portions of the quotations from the amended petition, contained in the foregoing statement. The common-law duty to warn an employe of the dangers of the employment has never been made the subject-matter of a lawful requirement. It could not reasonably be made so in the cáse of a punch press fed by hand, because the dangers are so obvious that any person of ordinary intelligence should appreciate the dangers without such warning. It cannot be said to be the violation of any lawful requirement to permit a dangerous machine “to become out of order and repair.” Any machine,
 
 *511
 
 dangerous or otherwise, will necessarily become out of repair by use, and this cannot reasonably be charged to the employer, because it can never be known in advance when a machine will become out of order and repair. The person who always has first knowledge of a machine being out of order and repair is the operator, and manifestly in any shop containing more than one machine the owner and employer cannot be present at all machines at the same time in order to be the first to know of the need of repairs. By the provisions of Section 13 of the Industrial Commission Act, it is only necessary for the employer to provide such freedom from danger “as the nature of the employment will reasonably permit,” and it would manifestly be unreasonable, in addition to the payment of premiums to the compensation fund, to hold him responsible for damages resulting from the employe- continuing to use a machine which is out of repair.
 

 Subdivision 7 of Section 1027, General Code, provides: “They shall guard all saws, woodcutting, wood-shaping, and all other dangerous machinery.” The requirement of guarding dangerous machinery cannot be construed as a requirement to prevent a machine from becoming out of order and repair. It is inevitable that all machines require repairs from time to time, but not at any stated times, and it is not often that any warning is given prior to the actual condition of being out of order and repair. It is one thing to require the employer to keep informed of devices and safeguards which may be employed to prevent injuries without materially impairing the efficiency
 
 *512
 
 of machinery; but it is another and a very different thing to require the employer to be everywhere present, and to know immediately of the need of repairs on each and every item of machinery in a manufacturing plant, and to prevent each and every employe from continuing the use of such machines until such repairs are made, when common sense teaches that the employe and operator has better opportunity for knowing such condition, and equal opportunity to know and appreciate the necessity for such repairs. The Legislature has not yet stated that the lack of repairs is the failure to observe a lawful requirement.
 

 It is the spirit of the decision in the
 
 Fender case
 
 that statutory lawful requirements need not be stated definitely and in detail. This is not upon the theory that the employer is not entitled to be advised as to his duty, but rather in full recognition of his right to be so advised, and upon the theory that he already knows better than the Legislature the things that may reasonably be done for the safety of employes. All statutory requirements stated in general terms are subject to the qualification that they must be such “as the nature of the employment will reasonably permit”; in other words, that any requirement stated in general terms will be regarded as definite if the knowledge of details necessary to make it definite and certain may fairly be imputed to the employer, but no one would contend that that principle could be extended to the matter of a machine becoming out of order and repair, since that condition can only be known at the time of the occurrence, or afterwards.
 

 
 *513
 
 Attention should be given to that allegation of the amended petition relating to the inexperience of this plaintiff in the use and operation of the machine, and to the employer’s knowledge of such inexperience. This again clearly relates to common-law duties and liabilities, and the Legislature has never declared inexperience of the operator and the employer’s knowledge of such fact to be in the nature of a lawful requirement imposed upon the employer. It is the duty of the court to declare the law as it exists, without regard to social and economio considerations which might reflect upon the wisdom of legislation, and the court has no latitude beyond the power to interpret statutory language which is obscure and ambiguous. It was suggested in the
 
 Fender case,
 
 that if it is desired to safeguard the employer against liability at the suit of employes, notwithstanding full compliance with the provisions of the Workmen’s Compensation Act, the Legislature can easily provide such safeguard, and it should now be suggested, in the instant case, that if it is desired to make the employer further liable for failure to warn employes of the dangers incident to the operation of machinery, and further liable as practical insurers of inexperienced operators, and further liable for injuries caused by machines which have been properly installed, but have become out of order and repair, the Legislature should be appealed to to create such additional duties and obligations — that the courts may not properly respond to such appeals.
 

 If it is said that some of the allegations of this petition, standing alone, tend to state a cause of
 
 *514
 
 action, and if it is further said, in support thereof, that a pleading should be liberally construed in favor of the pleader in order that a cause of action be stated, rather than defeated, it may be answered as to the first of these propositions that all the allegations of a pleading should be construed together in determining the effect of any of them, and that it has been so held by this court in
 
 Reiff
 
 v. Mullholland, 65 Ohio St., 178, 62 N. E., 124. As to the second proposition it should be answered that liberal construction of a pleading applies to the words, phrases, and clauses in pleadings which are ambiguous, or of doubtful meaning, for the purpose of giving them force in stating a cause of action or defense, and for the purpose of aiding the introduction of evidence. But, on the other hand, the rule of liberal, construction does not apply to statements in a petition which adversely characterize the action, or which amount to admissions which would defeat a recovery, or allege the existence or nonexistence of a material fact which would defeat a recovery; that as to such matters a petition should be construed most strongly against the pleader and should weigh adversely to the pleader in the same manner as if such matter were contained in evidence introduced in the case.
 

 Reading the petition in this case in its entirety, and construing it from its four corners, this action is clearly characterized as one of ordinary negligence, and based upon claims of want of due care.
 

 Notwithstanding the great diversity of opinion among the members of this court for the past several years upon the subject of lawful require
 
 *515
 
 ments, they are without exception universally agreed upon the proposition that a lawful requirement is something separate and apart from the common-law duty to exercise ordinary care. That a distinction exists is recognized in all the cases which have been decided by this court upon the subject of lawful requirements. If such a distinction has any practical value, it would be difficult to conceive a pleading better designed to illustrate it than the petition in the instant case. When one allegation in a petition alleges generally the failure to guard a dangerous machine, and in a subsequent allegation it is stated that the failure to guard consists in not preventing the operator from putting his fingers in that portion of the machine which it is absolutely necessary that his fingers should enter in order to properly place the materials upon which the machine is to operate, it must be concluded that the pleader seeks to establish an absolute liability against the employer and to place' upon him the obligation of absolute insurance against injuries for which the operator may be entirely to blame.
 

 All members of this court agree that under no circumstances are employers held to an absolute liability, nor axe they made insurers against injuries to employes. We quote, as the latest expression of this court on that subject, from the opinion in
 
 Automatic Sprinkler Co.
 
 v.
 
 Fender, supra,
 
 at page 170 (141 N. E., 276):
 

 “These provisions do not constitute an absolute liability, nor make the employer an insurer against injuries to employes. The general requirement of ‘suitable provisions to prevent injury’ and the spe
 
 *516
 
 cific requirement that ‘they shall guard’ must be construed in the light of the definitions of ‘safe’ and ‘safety’ in Section 871-13, General Code, and should be so administered as only to require ‘such freedom from danger to the life, health, safety or welfare of employes or frequenters as the nature of the employment will reasonably permit.’
 

 “Applying this general statement to the instant case, it is incumbent upon the plaintiff to show that some guard could have been attached to this punch press which would have prevented repeating without materially impairing the efficiency of the machine. If no guard had been discovered nor invented at the time of the injury, this employer could not be held responsible for the omission.”
 

 In connection with the discussion of this feature of the case, it seems necessary to furthér consider the force and effect of the general allegations of the petition that the employer failed to comply ■with Sections 15, 16, 25 and 29 of the Industrial Commission Act.
 

 An examination of Section 29 shows that it contains no requirements whatever relating to employers, but relates solely to procedure. It cannot therefore aid the petition. Section 25 is equally impotent, because it provides in substance that orders made by the Industrial Commission shall be deemed to be
 
 prima facie
 
 reasonable and lawful, and it appears by the answers to the interrogatories that plaintiff had no knowledge of any such orders having been issued. That section, therefore, cannot aid the petition. We are therefore left only to a consideration of Sections 15 and 16, and it is universally conceded that those sec
 
 *517
 
 tions must be construed
 
 in pari materia
 
 with. Section 13.
 

 In an ordinary action for negligence, a petition containing only a general allegation of negligence, without any specification of acts or conduct which would advise the defendant of what he would have to meet at the trial, would undoubtedly be demurrable. And by the same token a general allegation in a petition of a failure to comply with the provisions of Sections 15 and 16 of the Industrial Commission Act must also be held to constitute a mere legal conclusion. This position must be admitted to be sound, unless those sections constitute the employer an absolute insurer of the safety of employes, and, as before stated, no member of this court contends for such a doctrine.
 

 In an ordinary action for negligence, if the petition contains a general allegation of negligence, and further proceeds to specify particular acts and conduct amounting to negligence, the court will only regard those specific allegations, and would not permit the pleader to prove other acts of negligence under the general allegation of negligence. Applying the same rule to the petition in the instant case, since it appears that the petition contains general allegations of noncompliance with 'Sections 15 and 16, and proceeds further to allege certain dereliction of duty on the part of the employer, it will be presumed that those specific acts of dereliction are the ones relied upon by the pleader as being a violation of Sections 15 and 16, and that therefore it will be the duty of the court at the trial to limit the introduction of evidence to matter pleaded in the specific allegations. In
 
 *518
 
 this view of the case, the general allegation of noncompliance with Sections 15 and 16 must, under the general rules of the construction of pleadings, be wholly disregarded.
 

 In view of the fact that the Court of Appeals based its judgment of reversal upon the ground that the interrogatories interposed were not broad enough to justify a final judgment, and remanded the case for a new trial, we feel that this judgment should he affirmed and the plaintiff below given such further opportunity as he may be able to avail himself of to further prosecute his cause.
 

 The judgment of' the Court of Appeals is therefore ’affirmed, and the cause remanded to the court of common pleas for further proceedings according to law.
 

 Judgment affirmed.
 

 Day and Allen, JJ., concur.
 

 Wanamaker, J., concurs in propositions 1, 3 and 4 of the syllabus and in the judgment.
 

 Robinson, Jones and Matthias, JJ., concur in propositions 2, 3 and 4 of the syllabus, but dissent from proposition 1 and from the judgment.