## CLEVE. RY. CO. v. MUELLER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8565. Decided May 21. 1928.

Syllabus by Editorial Staff.

**RAILROADS.**

(500 D2d) Whether jerk of street car was sudden and unusual, is question for jury.

**TRIAL.**

(590 V2a) Verdict of $4000 for alleged injury confining plaintiff to bed for about two weeks and causing her inconvenience and suffering by reason of injury to ankle for not more than seven weeks, is excessive.

(590 R2) Remittitur of $2000 does not cure verdict which is excessive by reason of passion and prejudice.

Error to Common Pleas.

Judgment reversed.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

J. DeKaiser and M. C. Harrison, Cleveland, for Mueller.

### STATEMENT OF FACTS.

Action was one for personal injury wherein a verdict for $4000.00 was returned by the jury in favor of Lena Mueller, plaintiff below, and of this amount $2000 was remitted by consent of plaintiff but with the exception of counsel for the railway company, and thereupon motion for new trial was overruled and judgment entered.

There are two grounds of error charged.

It appears from the record that the plaintiff below, Lena Mueller, was a passenger on an east-bound street car, operated by the defendant, The Cleveland Railway Company, on Quincy Ave., and that on or about February 7, 1926, when near East 64th and Scovill Avenue, while plaintiff was seated in one of the seats of the car, a certain other passenger carrying a bundle of tools under his arm, was thrown suddenly forward when the car started and it is claimed there was an unusual jerk, and as a result it is alleged that the man with a bundle of tools fell against the plaintiff's side and abdomen, and upon her right foot and leg, causing her the injuries for which she recovered.

SULLIVAN, PJ.

The question as to whether the jerk of the car was sudden and unusual was a question of fact for the jury, and after a reading of the court's charge, we are satisfied that this question, in all of its phases, was submitted to the jury for determination of the fact, and the jury found in favor of the plaintiff.

After an examination of the record we do not find any situation by which, as a reviewing court, we may deviate from the general rule that a reversal cannot be had if there is credible evidence to support the verdict and judgment, even though there may be a direct conflict in the testimony.

The other assignment of error is that the verdict of $4000.00 was excessive and was occasioned by passion and prejudice.

The injury alleged, confined plaintiff to bed for about two weeks and for a period of about seven weeks she suffered pain and inconvenience because of the injury which she received to one of her ankles; which caused it to swell to twice its size.

There seems to be no substantial evidence, however, in the record, but that seven weeks was the limit.

It is the unanimous judgment of this court that the size of the verdict substantially exceeds the amount reasonably warrantable from the facts of the case. The amount itself leaves an inference that the only explanation for its existence is some passion or prejudice on the part of the jury. The amount of the verdict itself may determine this question, when there is no other reasonable explanation for the size of the verdict. The fact that the court cut the verdict in two, lends color to the inference of passion and prejudice. The apparent readiness with which the remittitur was accepted, corroborates the accuracy of this inference.

The passion or prejudice which creates, in whole or in part, a verdict, is not removed because of any remittitur. The tincture is still there, because it shows the state of mind of the jury and thus bears upon the question as to whether there was a fair and impartial trial.

Had the jury not been in a state of mind caused by passion or prejudice it might be that there would have been no verdict for plaintiff although there appears to be some credible evidence, as is noted in this opinion, to sustain the verdict.

Undoubtedly the verdict would not have been disturbed if the assignment of error was the weight of the evidence alone. The reason for the excessive verdict being passion or prejudice, is an indication that the jury was not in a proper frame of mind to do exact justice between the parties.

These views are sustained by the following: Cleveland Worsted Mills Co. v. Daniel C. Coates, 26 O.C.C. (NS) 355.

S. S. Kresge Co. v. Fader, 117 OS. 103.

In the consideration of this case, we have in mind the docket entry of the court upon the question of remittitur. It does not state that it was because of passion or prejudice or that it was not because of passion or prejudice that the remittitur was made. Therefore, the remittitur was made independent of the claim of passion or prejudice so far as the docket entry is concerned, but it appearing in the motion for new trial that under the third assignment of error that the verdict is excessive, appearing to have been rendered under the influence of passion or prejudice, why it follows by inference at least, from the record, that the verdict was reduced to one-half the amount because of passion and prejudice.

The docket entry reads as follows:

"June 6, 1927. To Court:—The plaintiff having accepted a remittitur of $2000.00, the motion for a new trial is overruled, to which the defendant excepts. It is therefore considered that the plaintiff recover of the defendant her said damages less the remittitur, and also her costs of this suit. Judgment is rendered against the defendant for the costs herein."

Thus holding, the judgment of the lower court is reversed on the ground that there are inferences from the record that the verdict is based on passion and prejudice and therefore excessive, and the cause is remanded for further proceedings according to law.

(Vickery and Levine, JJ., concur.)