Matthias, J.,
 

 dissenting. I dissent from the judgment of affirmance. I am of the opinion, however, that the case was properly submitted to the jury by the trial court, and that there was no error in that respect. Evidence was adduced in support of the specifications of negligence set forth in the petition, from which a reasonable inference of such want of
 
 *293
 
 due care could be drawn and that tbe injury causing death was the proximate result thereof. The facts appearing in the record disclose a situation from which a rational inference may be drawn that the death of Schulte resulted from a shock caused by an electric current conducted to the swimming pool, and there is evidence indicating that the conditions complained of had been present and observable at intervals prior to the date of Schulte’s death, of which conditions no notice or warning had been given, and from which danger no protection had been provided. The theory of the defendant, that the death of Schulte was the result of a cerebral hemorrhage, which was caused by being hit on the head by a pitched ball while participating in a game of baseball two weeks prior to his death, was also supported by substantial evidence. It is quite apparent that from the evidence adduced different minds might reasonably arrive at different conclusions, and the court therefore very properly submitted to the jury the question of negligence on the part of the defendant company in the respects charged and the question whether that negligence was the proximate cause of Schulte’s death.
 

 The court is unanimous upon the proposition that the issues of fact in this case should be, as they were, submitted for the consideration and determination of the jury. We part company, however, upon the second proposition, which involves the right and authority of the court, without limitation and without restriction, to modify the verdict of the jury. This court has been and is now quite insistent that the issues of fact in such case be submitted to the jury. Consistency would require, not only that is
 
 *294
 
 sues of fact be submitted to, but that they be determined by, the jury. The amount of damages, as well as the presence or absence of negligence, is a question of fact. The record in this case discloses that the trial court found the verdict was excessive to the extent of one-fourth the amount thereof, and required a
 
 remittitur
 
 accordingly, which was assented to, and judgment rendered for $15,000. The Court of Appeals found that the “evidence will not support a judgment of $15,000.00, but would support a judgment of $10,000.00.” That court thereupon modified the judgment by reducing it to $10,000.
 

 There is good reason for the view that, in a case such as this one, it is the duty of the court, upon finding that the verdict returned by the jury is such in amount that it is not supported by the- weight of the evidence, to set aside the verdict and grant a new trial. The situation is entirely different in a case where it is apparent that the verdict includes an award for a claim which was not supported by the evidence, for in such case there is a substantial basis for modification, and the correction is a matter of mathematical computation from the evidence adduced, which can readily be made by the trial judge. Though there be disagreement upon that proposition, certainly there should be no disagreement upon the proposition that, in any case where a verdict returned by a jury is so grossly excessive that it can be accounted for only upon the theory that the jury was actuated by passion or prejudice, it is the duty of the court to set aside the verdict and grant a new trial.
 

 The precise question presented here is whether from the gross excessiveness of the verdict, as found
 
 *295
 
 by the lower courts, it does not necessarily follow that such verdict was given under the influence of passion or prejudice. It is expressly required by Section 11576, General Code, that the verdict shall be vacated and a new trial granted if excessive damages appear to have been given under the influence of passion or prejudice. How shall it be made to appear that a verdict concededly grossly éxcessive was given under the influence of passion or prejudice? Can it be disclosed otherwise than by the amount of the verdict? That is the only method of expression by the jury. Its improper mental attitude could be indicated in no other way except possibly by haste in arriving at and reporting its conclusion. In the recent case of
 
 S. S. Kresge Co.
 
 v.
 
 Fader,
 
 116 Ohio St., 718, 158 N. E., 174, it was pertinently observed by the judge who wrote the opinion that, “when a trial court reaches the conclusion that a verdict returned by a jury in a personal injury case is 33 1-3 per cent, greater than it should be, and to that extent higher than the court can sustain, the case is one calling for the closest scrutiny and consideration by the trial judge on the subject of passion and prejudice on the part of the jury.” I commend the conclusion recently announced by the Court of Appeals of Cuyahoga county in the case of
 
 Cleveland Ry. Co.
 
 v.
 
 Mueller,
 
 31 Ohio App., 488, 166 N. E., 391. That action was for personal injuries in which the trial court had directed a
 
 remittitur
 
 of half the amount of the verdict, which was readily assented to by the plaintiff. There was no announced finding by the trial court upon the subject of passion or prejudice, but the Court of Appeals held that it was properly inferable that such reduction
 
 *296
 
 of the verdict was because it had been rendered under the influence of passion or prejudice.
 

 It is difficult to see how otherwise than from such influence of passion or prejudice the jury could have found and returned a verdict of double the maximum amount found by the Court of Appeals to have been supported by the evidence. The reversal of a judgment on such grounds need not be predicated upon some error in the trial which may have improperly influenced the verdict. That would be a separate ground of reversal. The prejudical character of such error may be reflected in the size of the verdict, but, regardless of such error, if it appear that the jury was actuated by passion or prejudice, rather than by reason, in reaching its determination, it is the duty of the court to reverse that judgment and remand the case for a new trial.
 

 The trial court or reviewing court, fludiug that a verdict is so excessive in amount that it could not have been the result of a candid and careful consideration of the evidence adduced, may infer that passion or prejudice influenced the jury, and either court, being unable to otherwise account for such excessive verdict, should ascribe it to the passion or prejudice of the jury and grant a new trial. It is obvious that under such circumstances the parties are entitled to a new trial.- If the amount of the verdict be affected by passion or prejudice it may be that the finding upon the issue of negligence, or of the real cause of the injury, was likewise influenced and was also the result of improper considerations. It is well settled that under such circumstances to merely reduce the judgment to such an amount as the court thinks reasonable would be to substitute
 
 *297
 
 the opinion of the judge for the verdict of the jury, and would deprive the party of the right to have the issues of fact determined by a jury not influenced in its deliberations by any improper motive.
 

 This case was properly submitted to a jury. There was never any agreement by the parties to submit it to the trial judge, and the defendant has been at all times insistent upon the right to have the issues of fact, not only submitted to a jury, but determined by á jury. The judgment should have been reversed and a new trial granted.
 

 Kinkade and Robinson, JJ., concur in the dissenting opinion.