KLOTZ *v.* BALMAT.

(Decided February 25, 1930.)

*Mr. James H. Robertson,* for plaintiff in error.
*Mr. Perry A. Kuhn,* for defendant in error.

SHERICK, J.   Error is prosecuted to this court by George Klotz, the defendant below, seeking the reversal of a verdict, and a judgment entered thereon against him in the court of common pleas of Stark county.

The petition recites in substance that on January 13, 1927, Joseph Balmat was in the employ of Klotz, a farmer, that he was engaged in grinding sausage in a meat grinder then being operated by a belt attached to the rear wheel of a Ford truck situated approximately twelve to fifteen feet from the grinder, and that while so engaged in placing meat in the grinder, and without negligence on his part, the four fingers on his right hand became enmeshed in the sausage grinder and were amputated.

It is alleged that the injury was occasioned directly by Klotz's negligence in that he failed to provide a guard, as is usual and customary where sausage is ground for commercial purposes, and in that he failed and neglected, upon the plaintiff's request, to furnish a stamper or other device for feeding the meat in the machine, and in that he failed to provide an idle pulley on the machine so that it might

be thrown out of gear, and that the defendant was further negligent in that it was his duty to operate the truck engine and he did not shut off the power when advised by the plaintiff, which delay of the defendant in so doing increased the plaintiff's injury.

It is insisted as a first ground of error that the trial court should have sustained the defendant's demurrer to the plaintiff's petition.

It will be observed that the plaintiff by some of the allegations in his petition has, by innuendo, attempted to bring the defendant within the provisions of the law applicable to workshops and factories. But nowhere does he allege that the defendant had in his employ three or more persons, or that the defendant was a manufacturer, or that this was not a grinder in common use among farmers in grinding meat, or that there was any safety device or attachment manufactured or in common use on the kind of grinder used, or that he was inexperienced in the work in which he was engaged, or that he refused or objected to feeding this grinder, or that the accident was caused by the lack of an instrumentality that would have enabled the plaintiff to have shifted the belt to an idle pulley. Nor does it appear that the plaintiff was regularly employed along with others, nor that such employment was more than casual.

In view of the suggested omissions it is the opinion of this court that this action is clearly characterized as one of ordinary negligence, and is only based upon the common-law duty to exercise ordinary care.

It is held in *Winzeler* v. *Knox,* 109 Ohio St., 503, 143 N. E., 24, that " it is necessary to prove, and therefore to plead, that some guard or device has

been discovered or invented which could have been attached to the machine and which would have prevented the injuries complained of, and which would not interfere with the efficient operation of the machine." This principle was well recognized in *Coal & Car Company* v. *Norman*, 49 Ohio St., 598, 32 N. E., 857, wherein the court held, "In an action by a servant against his master for an injury resulting from the negligence of the latter in furnishing appliances, or in caring for the premises where the work is to be done, the plaintiff must aver want of knowledge on his part of the defects causing the injury, or that, having such knowledge, he informed the master, and continued in his employment upon a promise, express or implied, to remedy the defects. An averment that the injury occurred without fault on his part is not sufficient."

It is therefore the conclusion of this court, having in mind the principles announced in the above-cited authorities, that the petition in this case was defective in what it omitted to allege, and that the demurrer thereto should have been sustained.

The plaintiff in error contends that the verdict is contrary to law and is not sustained by the evidence. In order that the errors assigned may be fully considered we have carefully read the record in this case. It is fully proven that the plaintiff was a farm laborer, fifty-one years of age, performing only casual labor for the defendant, and that he had full knowledge of the construction and the manner of operation of an ordinary small size meat grinder such as farmers use, like the one in this case, and that the grinder and its attachments were open to his view. And it is proved that there is no known de-

vice or attachment in common use that could have been placed upon this grinder. Plaintiff in error further contends that there was no defect therein, that any such device or attachment would have destroyed the machine's efficiency, and that the plaintiff well knew the risk incident to the use of the machine.

We are unable to convince ourselves from a study of the complete record in this case that the defendant was negligent, and we hold the view that the servant must be held to have assumed the ordinary risk of the enterprise upon which he voluntarily entered, for such was apparent and discernible and known to him. The plaintiff was not of tender years, and he was experienced in that which he attempted to do and voluntarily did, and the employer cannot herein be held to be the insurer of his servant's safety.

It is advanced that the court erred in his charge to the jury, but it is conceded that such error is one of omission rather than of commission, and the exception thereto being general, and no further request having been made to charge, such cannot, of course, be saved as error, and is not prejudicial to the substantial rights of the plaintiff in error.

The record discloses that the trial court, of its own motion, with the consent of the plaintiff, entered a *remittitur* on the verdict of 60 per cent. The docket entry does not disclose what caused the court to enter a *remittitur* in such amount other than to say, ''Taking into consideration all the facts and circumstances in the case, the verdict of the jury ought to be reduced.'' It is insisted by plaintiff in error that it is evident that the verdict in this case

was the result of passion or prejudice on the part of the jury, and that the action of the trial court in entering a remittitur of sixty per cent. is, in itself, indicative of that fact.

The case of *Cleveland Railway Co.* v. *Mueller,* 31 Ohio App., 488, 166 N. E., 391, is strongly urged upon us, as is also the dissenting opinion in *Chester Park Co.* v. *Schulte,* 120 Ohio St., 292, 166 N. E., 186. And we would adopt the reason of the *Mueller case,* for, when a trial court reaches the conclusion that a verdict in a personal injury action is more than twice as large as it should be, the case calls for the closest scrutiny and consideration, and the inference is warrantable that the verdict was actuated by passion or prejudice, rather than by reason, and we believe it to have been the duty of the court to have sustained the defendant's motion for a new trial.

For the reasons indicated it is the judgment of this court that the judgment of the trial court should be, and the same hereby is, reversed, and the cause is remanded for further proceedings, as provided by law.

*Judgment reversed.*

Lemert, P. J., and Middleton, J., concur.

Middleton, J., of the Fourth Appellate District, sitting by designation in the Fifth Appellate District.