CARL SECTIONAL HOME, INC.,
APPELLEE, *v.* KEY CORPORATION ET AL.,
APPELLANTS.

(No. 80AP-707—Decided February 26,
1981.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee* and *Mr. Robert J. Walter,* for appellee.

*Bradley & Farris Co., L.P.A., Mr. Philip R. Bradley* and *Mr. David S. Mc-Cune,* for appellants.

McCORMAC, J. Plaintiff-appellee, Carl Sectional Home, Inc., filed a complaint in the Court of Common Pleas of Franklin County against Key Corporation and others (subsequent discussion will be limited to Key Corporation), seeking to foreclose mechanics' liens filed against certain real property owned by Key Corporation. The mechanics' liens were based upon an account owed by Key Corporation to plaintiff for labor and materials furnished for the construction of houses on the property of Key Corporation. The amount claimed to be due was $27,973.50, for which judgment was also sought.

Key Corporation answered, admitting that plaintiff furnished certain labor and materials in conjunction with the improvements on its real property and that mechanics' liens were filed, but denied the amounts claimed to be due. A counterclaim was filed against plaintiff for breach of contract on the bases that plaintiff allegedly failed to deliver the prefabricated houses as agreed, or in a timely manner, and that plaintiff allegedly overcharged Key Corporation for two of the houses, to Key Corporation's damage in the amount of $20,000. The answer and counterclaim contained a demand for trial by jury on the issues raised in the complaint and counterclaim. The jury trial demand was plain and was placed in the answer and counterclaim *immediately after the attorney's subscription,* although there was no notation in the caption that a jury trial had been demanded. The answer and counterclaim were timely served on counsel for plaintiff by mail on January 12, 1979, but were not filed with the Court of Common Pleas until January 26, 1979. Nothing had taken place in the case between January 12, 1979, and January

26, 1979. Plaintiff replied to the counterclaim on February 9, 1979, denying liability and asserting certain other defenses. No objection was made to the untimely filing of the answer with the Court of Common Pleas.

The case was set for trial on August 28, 1979, before a referee as a non-jury trial by order of reference of the trial court. Prior to that time plaintiff had filed a pretrial form, stating that no jury had been demanded. After considerable delay, on December 4, 1979, the referee reported to the court that Key Corporation, through defendant A. Patrick Tonti, had contacted the referee and said that the company had no counsel, that discovery had not been completed, and that the company did not intend to waive its jury right, subject to counsel's advice. Tonti further stated that he would obtain counsel within seven to ten days and that they would both appear at a pretrial conference on December 17, 1979. The referee reported to the court as follows:

"As it presently appears that this case will be tried to a judge and jury, I am returning the file to you, pending your further instructions."

The case then came on for trial *before the court* on May 22 and 23 of 1980, without further reference in the record as to why it was tried to the court rather than to a jury. There is no waiver in the record by Key Corporation of its previous demand for a jury trial, nor is there any stipulation in the record, either in writing or orally, of a waiver of a jury trial.

After trial to the court, the trial court granted plaintiff judgment against Key Corporation in the amount of $27,866.42, plus interest; held plaintiff's mechanics' liens to be valid liens upon each lot to which foreclosure was entitled; and dismissed Key Corporation's counterclaim as being without merit. Key Corporation has appealed, asserting the following assignments of error:

"1. The trial court erred in its failure to grant the defendant-appellant's timely demand for a trial by jury.

"2. The trial court erred in its dismissal of the defendant-appellant's counterclaim. The trial court's finding that the defendant-appellant's counterclaim was without merit was against the manifest weight of the evidence which was presented at trial."

The first issue is whether Key Corporation has a right to a jury trial, if properly demanded, for all or parts of the issues in the complaint, answer and counterclaim. The primary claim in the complaint is for money damages for failure to pay an account based upon the delivery of goods and services. Ancillary to that claim and dependent thereupon is the issue of foreclosure of mechanics' liens based upon amounts claimed to be due on the account.

If the foreclosure of mechanics' liens was the only issue and there was no controversy as to the amount of money due, a jury trial would not be required. However, where the recovery of money is in issue, a jury trial right applies to that claim. In *Van Dorn Iron Works Co.* v. *Erie-Huron Realty Co.* (1923), 108 Ohio St. 314, plaintiff had filed a mechanic's lien against defendant for materials and labor supplied for a building owned by defendant and was suing for the recovery of money supposedly owed under the terms of the contract as well as foreclosure of its mechanic's lien, which had been filed to secure the claim. Defendant denied the validity of plaintiff's claim in its answer. The Supreme Court separated the claim into two causes of action (one for a money judgment and the other for the foreclosure of the lien) and found that the first cause of action was not a proceeding in equity but an action at law in which a judgment for money was sought, to which the parties were entitled to a trial by jury. The same is true in this case. If properly demanded, there was a right of jury trial for issues relating to the claim and counterclaim for money damages.

The next issue is whether defendant's right to a jury trial was preserved by its demand.

Plaintiff contends that Key Corporation did not properly file its jury trial demand and, thus, waived its right to a jury trial. The claimed defects in the jury trial demand were twofold: (1) that there was a failure to comply with Civ. R. 38(B), which requires that, "* * * [i]f the demand is endorsed upon a pleading the caption of the pleading shall state 'jury demand endorsed hereon' * * *"; and, (2) that the answer and counterclaim, containing the endorsement of the jury demand, were not filed with the court until 14 days after service upon plaintiff, in violation of Civ. R. 5(D) which requires filing with the court within three days after service.

Plaintiff's objections to the manner in which the jury trial was demanded are not sufficient to deny Key Corporation its right to a jury. The jury trial demand endorsed upon Key Corporation's answer and counterclaim appears in the place where it is generally contained and is quite clear and readily ascertainable. The requirement that the phrase "jury demand endorsed hereon" appear in the caption of the pleading in the July 1, 1976 amendment of Civ. R. 38(B) was to help assure that a jury demand endorsement not be overlooked as the rule had not previously specified where the endorsement was to be placed upon the pleading. See Staff Note to Civ. R. 38(B). In this case, there was ample notice before the scheduled trial that a jury had been demanded so that the failure to place the notice of the jury demand in the caption was not prejudicial to the opposing party or to the court in its administrative practice. Hence, that technical deficiency should not be held to deny Key Corporation its substantive and constitutional right to trial by jury.

There is a timely demand for trial by jury when the demand is made "* * * not later than fourteen days after the service of the last pleading directed to such issue. * * *" Civ. R. 38(B). The last pleading directed to the monetary issue was plaintiff's reply to Key Corporation's counterclaim which was served after the jury demand was endorsed upon Key Corporation's answer and counterclaim. Thus, the fact that the answer and counterclaim were not filed with the court until more than three days after service, had no effect upon the issue of right to trial by jury or timely demand thereof.

The final and most significant issue is whether the fact that Key Corporation proceeded to trial to the court without objection on the record constituted a waiver of its previously demanded jury trial.

Civ. R. 39(A) provides that the "* * * trial of all issues so demanded shall be by jury, unless * * * the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury * * *." The record is silent as to waiver and contains no such stipulation, either oral or written.

Civ. R. 39(A) contains the exclusive method of waiving trial by jury as to issues to which a party has a right to jury trial which has previously been demanded. Since the adoption of Civ. R. 39(A), on July 1, 1970, there has been no provision in Ohio law for waiver of jury trial by silence or implied consent by proceeding to trial without jury. See State v. Tate (1979), 59 Ohio St. 2d 50 [13 O.O.3d 36], certiorari denied (1979), 444 U.S. 967, where, in a criminal case, a defendant represented by counsel was held not to have waived his right to a jury trial when the statutory waiver provisions were not complied with merely by trying the case, while represented by counsel, without complaining about proceeding without a jury.

Plaintiff relies upon case law preceding the adoption of Civ. R. 39(A), construing R.C. 2315.20, a statute supersed-

ed by the Civil Rules. R.C. 2315.20, which has been repealed, provided as follows with respect to waiver of a jury trial:

"In actions arising on contract, trial by jury may be waived by the parties, and in other actions with the assent of the court as follows:

"(A) By consent of the party appearing, when the other party fails to appear at the trial, in person or by attorney;

"(B) By written consent, in person or by attorney, filed with the clerk;

"(C) By oral consent in open court entered on the journal."

In contract actions, *the method* of waiver was not set forth in the statute; and, in *Van Dorn, supra,* the court held that a jury trial was waived by the conduct of the parties in submitting the cause to the court without objection. However, Civ. R. 39(A) is express in the method of waiver, Silence no longer constitutes the waiver of a properly demanded jury trial.

Compliance with Civ. R. 39(A) eliminates uncertainty or confusion that may be present if the record is silent. In this case, Key Corporation contends that, off the record, the trial court decided that the case would be tried to the court because it was the type of case to which the parties were not entitled to trial by jury. On the other hand, plaintiff contends that defendant simply proceeded to trial without raising the issue. Under Civ. R. 39(A), a silent record means that the previously demanded right to a jury trial is still in effect, not having been waived. Under the Civil Rules it is easy to clarify on the record the claimed waiver before trial. The burden is upon the party claiming a waiver to show compliance with the mandatory requirements of Civ. R. 39(A).

Plaintiff also relies upon federal cases interpreting Fed. R. Civ. P. 38(d), which provides that a previously demanded jury trial may be waived with consent of the parties. However, Fed. R. Civ. P. 38(d) does not specifically restrict the means of waiver as does Civ. R. 39(A); hence, the authority cited is inapplicable.

Key Corporation's first assignment of error is sustained.

Key Corporation secondly argues that the court's dismissal of its counterclaim, as being without merit, was against the manifest weight of the evidence. That contention need not be considered on its merits as the counterclaim involved determinations of fact which should have been submitted to a jury rather than to the court. The assignment of error is sustained on the basis of the denial of a jury trial as discussed in the first assignment of error.

Key Corporation's assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and NORRIS, JJ., concur.