CINCINNATI INSURANCE COMPANY ET AL., APPELLEES, *v.* GRAY ET AL., APPELLEES; BUCKEYE UNION INSURANCE COMPANY, APPELLANT.

(No. 3-82-8—Decided November 5, 1982.)

*Messrs. Sauter & Hohenberger* and *Mr. Wayne P. Hohenberger,* for appellees Cincinnati Ins. Co. et al.

*Messrs. Parsell & Davidson* and *Mr. Theodore A. Parsell,* for appellee Jeffrey Allen Gray.

*Messrs. Spurlock, Sears, Pry & Griebling, Mr. Robert B. Spurlock* and *Mr. Eric H. Griebling,* for appellees Verlin and Geneva Gray.

*Messrs. Wiedemann, Wiedemann & Taube* and *Mr. Robert C. Nemo,* for appellant Buckeye Union Ins. Co.

GUERNSEY, J. By reason of a fire loss to its church building occasioned by the plaintiff First Church of Christian Scientist, it and its subrogee, the plaintiff Cincinnati Insurance Co., commenced action in the Court of Common Pleas of Crawford County against the defendant-minor, Jeffrey Allen Gray, and his defendant-parents, Verlin and Geneva Gray, to recover damages for the fire loss occurring April 5, 1979, which they claimed was caused by the minor while trespassing in the church building. This complaint contained no jury demand.

The defendant-parents filed an answer to the complaint of the plaintiffs and a cross-complaint against the plaintiff-insurer for libel and slander. Concurrently the defendant-parents filed a third-party complaint against the Buckeye Union Insurance Company, hereinafter referred to as Buckeye Union, to recover any loss incurred by them due to the plaintiffs' complaint. As part of the caption of the document constituting the answer and cross-complaint appear the words "Jury of eight (8) demanded," but no jury demand appears otherwise on or in the document. As part of the caption of the document constituting the third-party complaint appear the words "Jury of eight (8) demanded," and as the last

phrase of the prayer thereof appear the words, "and Third-Party Plaintiffs demand that all issues made herein be submitted to a jury of eight (8) persons."

On July 2, 1980, the plaintiffs filed an amended complaint, without jury demand, and on August 21, 1980, the defendant-parents and the minor son through his guardian ad litem, filed answers to the amended complaint, without jury demand.

Notwithstanding that Buckeye Union had previously been made a third-party defendant and had filed its answer to the third-party complaint, it moved on January 12, 1981, to intervene as a defendant in the action between the plaintiffs and the individual defendants on the theory that its policy of insurance insuring the minor and the parents against personal liability provided no coverage to the minor if his actions were intentional and not to exceed $3,000 coverage to the parents if they were required to pay for the minor's actions. The court sustained the motion and the intervenor filed its answer.

Subsequently on request of the plaintiffs, the defendants admitted that the fire loss amounted to $7,404.75 and that the plaintiff-insurer had paid such amount to the plaintiff-church becoming its subrogee.

On March 30, 1981, apparently on motion or suggestion of the defendant-parents, the court dismissed the third-party complaint against Buckeye Union, finding that same was premature.

On October 23, 1981, with leave of court, Buckeye Union, as "Defendant-intervenor," filed its motion for summary judgment on the complaint. As exhibits to its memorandum on the motion it filed a copy of its policy of insurance purporting to insure the defendants, a document purporting to be a statement made by the defendant-minor concerning the fire certified by the affidavit of a fire department officer witness to same, and a document purporting to be a certified copy of a jour-

nal entry of the Juvenile Court Division, Court of Common Pleas of Crawford County, rendered on April 30, 1979, finding the minor defendant to be a delinquent child "as set forth in section[s] 2909.03 and 2151.02 of the Ohio Revised Code," but not otherwise associating such delinquency with the fire loss in this case involved.

On November 25, 1981, the plaintiffs filed a deposition of the minor defendant taken as upon cross-examination, which was brought to the trial court's attention in connection with the hearing on the motion for summary judgment held on the same date.

On December 21, 1981, the trial court found that "there are still certain issues of fact remaining" and ordered the motion for summary judgment denied.

The cause then went to trial to a jury with the trial court reciting in its journal entry filed February 25, 1982 that the jury "found that Jeffrey Allen Gray acted negligently, and not willfully, in causing damage to the First Church of Christian Scientist, Galion, Ohio on April 6, 1979," finding in that journal entry that "upon additional matters raised by defendant, Buckeye Union Insurance Company, that Jeffrey Allen Gray is an insured under its policy," rendering judgment in favor of the plaintiff-insurer against the defendant-minor in the amount of $7,404.75, ordering that Buckeye Union, as insurer of the defendant-minor, pay said amount to the plaintiff-insured, and ordering the defendant-parents dismissed.

It is from this judgment that Buckeye Union appeals assigning error of the trial court as a matter of law (1) in finding that a genuine issue of material fact existed as to whether Jeffrey Gray acted willfully or intentionally, (2) in finding that a genuine issue of material fact existed as to whether appellant, under its policy of insurance, was liable in excess of $250, and (3) in granting appellees a jury trial.

Except for the application of the Supreme Court's decision in the case of

*Balson* v. *Dodds* (1980), 62 Ohio St. 2d 287 [16 O.O.3d 329], which, though an affirmance, reversed a ruling of this court, we would find that the trial court's denial of Buckeye Union's motion for summary judgment would not be reviewable, the case having gone to trial resulting also in judgment adverse to the movant thus demonstrating that the movant had not been prejudiced by the summary judgment ruling. However, we are bound by the Supreme Court's *Balson* decision and must review the first two assignments of error, as well as the third.

Although many questions might appear as to the procedural propriety of the intervention of Buckeye Union in an action between its insured and a third party, including whether such intervention was premature or whether their claims should have been postponed for the filing of a supplemental "petition" under the provisions of R.C. 3929.06, such issues have not been raised by the appeal and we confine our opinion and decision to the specific issues raised by the three assignments of error.

The first assignment of error relates to the issue of whether within the terms of its contractual liability, if any, to the defendant-minor, Buckeye Union became liable as a matter of law to the plaintiffs by reason of the defendant-minor's tort liability, if any, to the plaintiffs. This appears to be a proper issue for determination by summary judgment but only if there is no genuine issue as to any material fact.

The second assignment of error relates only to the extent of such liability and is not within the scope of the motion for summary judgment which was "for an order dismissing the complaint of plaintiffs and for entry of summary judgment, that plaintiffs take nothing and defendant-intervenor may recover its costs in this action." The issue of extent of liability only exists as a secondary issue, *i.e.,* secondary to the primary issue of liability itself. If a genuine issue as to any material fact exists as to the issue of liability, it also exists as to the extent of liability.

Under Civ. R. 56 (C), the lack of a genuine issue as to any material fact arises only if "* * * it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Here the statement of the defendant-minor made in the presence of a fire department officer was in conflict with his testimony in his deposition, which testimony was itself equivocal on the basic issue of his expectation or intention. Under Section II — Exclusions, paragraph 1, Coverage E, on page 9, of the policy, coverage for personal liability does "not apply to * * * property damage: a. which is expected or intended by the insured; * * *."

Construing the statement of the defendant-minor and his testimony in his deposition most strongly in favor of the plaintiffs, reasonable minds can come to more than one conclusion. Such being the case there existed a genuine issue as to a material fact requiring the trial court to deny the motion for summary judgment.

The juvenile court entry, not being tied to the incident in question, was not material or relevant to the motion for summary judgment and, if it were, could not conclusively resolve this issue of material fact.

The first two assignments of error are, therefore, without merit.

As to the third assignment of error it appears that on or about February 4, 1982, prior to trial by jury, Buckeye Union made an oral motion, that a jury had not properly been demanded, that the matter should be tried to the court without a jury. The trial court found that "a jury demand was filed in the original answer of defendants, Verlin and Geneva

Gray, and in the third-party complaint filed by Verlin and Geneva Gray, against defendant, Buckeye Union Insurance Company, which was subsequently dismissed without prejudice," and ordered Buckeye Union's motion denied.

Buckeye Union's position on this assignment of error is essentially that the only jury demands which were filed were with the original answer of Verlin and Geneva Gray to the complaint, which it claims had been superseded by their answer to the amended complaint not containing a jury demand, and with their third-party complaint against Buckeye Union which had been dismissed.

It is contemplated by Civ. R. 38 that notwithstanding that the right to trial by jury exists, such right is waived unless proper demand is made therefor. The rule further provides, among other things:

"(B) Demand. * * * Such demand shall be in writing and may be indorsed upon a pleading of the party. If the demand is endorsed upon a pleading the caption of the pleading shall state 'jury demand endorsed hereon.' * * *

"(C) Specification of issues. In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. * * *

"(D) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Civ. R. 39 then provides pertinently:

"(A) By jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury. * * *.

"(B) By the court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

We approve and follow as to the strictness of construction of these rules the decision of the Tenth District Court of Appeals in the case of *Carl Sectional Home, Inc.* v. *Key Corp.* (1981), 1 Ohio App. 3d 101, which stands for the proposition that though a demand for a jury trial may be withdrawn with the consent of the parties as prescribed by Civ. R. 38, a jury trial once demanded may not be waived except by the exclusive method set forth in Civ. R. 39. That rule contemplates that once demand is properly made the cause shall be docketed as a jury action and trial shall be by jury in all cases triable of right by a jury unless the parties, by written stipulation or by oral stipulation made in open court and recorded, consent to trial by the court sitting without a jury. The filing of an amended pleading without demand for a jury does not effect a waiver of a demand previously made by endorsement on the pleading superseded by amendment.

Was then a jury properly demanded in this case for trial on all the issues so tried? We think not. The jury demand contained in the third-party complaint was that "all issues *made herein* be submitted to a jury of eight (8) persons." (Emphasis added.) As the third-party complaint was dismissed, no issues made in said complaint remained to be tried to a jury and the demand was ineffective as to any other issues. The jury "demand" contained on the document constituting the answer and cross-complaint of the defendant-parents is not, in our opinion, "endorsed thereon," it being merely

rubber-stamped and inked on the document as part of the caption thereto. Although Civ. R. 38 does not specify where on the pleading the demand must be endorsed, in our opinion endorsement requires more formality than making the demand merely a rubber-stamped part of the caption.

The issue here, however, is not raised by a party denied a jury trial which he has properly demanded, but is raised by a party claiming a right to submit his claim or defense to a court without the intervention of a jury, the controlling issue of fact to be tried being whether the damage and loss were intentionally caused or negligently caused, an issue which, in the context of Civ. R. 39, was triable upon proper demand as a matter of right. This brings in question, since demand was not properly made, the application of Civ. R. 39 (B) providing that "* * * the court in its discretion upon motion may order a trial by a jury of any or all issues."

As heretofore noted there was a hearing on Buckeye Union's oral motion that the matter be tried to the court as a jury was not properly demanded, but the trial court record does not include any transcript of proceedings relating to such hearing. For all that appears from the record a motion may have been made at such hearing by one of the parties for a jury trial thus invoking the court's discretion to order a jury trial. The existence of a hearing is indicative that Buckeye Union's motion was resisted by one or more of the other parties to the action. In the absence of a record to the contrary, it will be presumed that the court acted properly in submitting the issues to a jury and that its discretion in determining such submission was properly invoked by a motion made by one of the parties to the action. We find no prejudicial error affirmatively appearing as assigned in the third assignment of error.

Having found no error prejudicial to the appellant Buckeye Union in any of the particulars assigned and argued, the judgment must be affirmed.

*Judgment affirmed.*

COLE, P.J., and MILLER, J., concur.