HEMMELGARN ET AL., APPELLEES, *v.* BERNING, APPELLANT.

(No. 10-82-7—Decided June 7, 1983.)

*Mr. Donald M. Purdy,* for appellees.
*Mr. Gregory D. Wilson,* and *Mr. Peter R. Van Arsdel,* for appellant.

COLE, J. This is an appeal from a judgment granted in favor of plaintiffs-appellees, Roman and Marceil Hemmelgarn, after a bench trial to the Celina Municipal Court.

Plaintiffs' complaint alleged two causes of action: one, fraud in the sale of a life insurance contract; and, two, recovery of money paid for "estate planning" services. In the answer and counterclaim dated June 12, 1981, defendant-appellant, Leo J. Berning, made a jury demand. The Celina Municipal Court, in an entry dated October 20, 1981, required a security deposit of $250 to accompany defendant's jury demand. By letter dated November 6, 1981, the court notified defendant he would be deemed to have waived a jury trial if the fee was not paid by December 15, 1981.

Appellant's first assignment of error

states that the court erred in denying the defendant a trial by jury. The court denied the defendant his right to a jury trial for failure to pay the $250 deposit. Appellant argues that the local rule creates an unconstitutional barrier to the right of trial by jury. Section 5, Article I, Ohio Constitution; Civ. R. 38.

The appellees argue that the local rule is a reasonable regulation of the court and is not an impairment of the right to a trial by jury. *Walters* v. *Griffith* (1974), 38 Ohio St. 2d 132 [67 O.O.2d 145].

While the parties argue on the basis of impairment of a constitutional right, we decline to base our opinion on this ground because the cause can be resolved by means of statutory authority. *Greenhills Home Owners Corp.* v. *Village of Greenhills* (1966), 5 Ohio St. 2d 207 [34 O.O.2d 420]. R.C. 1901.26(C) states:

"In any civil action or proceeding when a jury trial is demanded, the party making such demand may be required to make an advance deposit, not exceeding ten dollars, as fixed by rule of court unless upon affidavit or other evidence the court concludes that such party is unable to make the required deposit. If a jury is sworn, the fees of a jury shall be taxed as costs."

We begin our analysis by references to the case of *Silberman* v. *Hay* (1899), 59 Ohio St. 582, wherein the court determined that a statute restricting trial by jury in Cuyahoga County (and pertaining to courts of common pleas) was in violation of the constitutional requirement of uniform operation. This case was subsequently limited to its facts by the later case of *Miller* v. *Eagle* (1917), 96 Ohio St. 106, wherein it was pointed out that the *Silberman* case was concerned with common pleas courts, which are constitutional courts subject to constitutional requirements of uniform operation, but that municipal courts are statutory in origin.

The *Miller* court further stated, at page 112, that:

"* * * As was said in that case [*State, ex rel. Atty. Gen.*, v. *Bloch* (1901), 65 Ohio St. 370], the general assembly is vested with full power to determine what courts inferior to the court of appeals it will establish, local if deemed proper, either for separate counties or cities, and to define their jurisdiction and power, and in the enactment of laws relating thereto is not subject to the limitation imposed upon the legislative power in requiring all laws of a general nature to have uniform operation throughout the state. The *Bloch* case was approved in *State, ex rel. Fox*, v. *Yeatman et al.*, 89 Ohio St., 44, and *In re Hesse*, 93 Ohio St., 230."

The *Miller* court concluded the decision, at pages 112-113, as follows:

"The general assembly established a municipal court for the city of Dayton and defined its jurisdiction and power. It is a local court established to meet the needs and conditions of that city. The law establishing this court and defining its jurisdiction and power is designedly and authoritatively local in its operation, and the question of the uniformity of its operation throughout the state cannot arise. As a part of this law Section 1579-61, relating to a trial by jury, a part of the machinery of the court, was enacted. Its requirement, as we have said, is but a moderate and reasonable restriction upon the enjoyment of the right of trial by jury and does not amount to an impairment of that right. There can be no valid constitutional objection upon that ground. The fact that its provisions are local in their operation does not invalidate the section, as the law was enacted under a special grant of legislative power and may stand against the provisions of Section 26, Article II of the Constitution, requiring uniformity in operation throughout the state of laws of a general nature."

Subsequently and based upon the *Miller* case and again concerned with a municipal court, the Supreme Court in *Walters* v. *Griffith, supra*, stated in the syllabus:

"Local court rules, requiring an advance deposit as security for the costs of a jury trial and providing that the failure of a party to advance such deposit constitutes a waiver of the right to a trial by jury, are moderate and reasonable regulations of the right of trial by jury, and are constitutional and valid."

In the *Walters* case we again have a local court, *i.e.*, not a common pleas court, but a municipal court created by legislative act, with local rules of general and uniform operation within its special and limited territorial jurisdiction. The court held the rule in question to be a proper subject of the inherent rulemaking authority of the court, a reasonable and moderate regulation of the right of trial by jury, and not an impairment of that right.

In *Walters,* the statute which we quoted above (R.C. 1901.26 [C] ) was not an issue, as the challenge was directed solely to the rule of court and was based upon constitutional considerations. However, here we have a different problem. Here, we are faced with a specific conflict between the court rule and the statutory provision for advance deposits for jury trials. The court rule provides for a deposit of $250, yet the statute states that a deposit "not exceeding ten dollars" may be required.

Again, we come to the basic underlying principle that a municipal court is a creature of statute. The legislature in the very chapter of the code creating such courts and prescribing the procedures therein for jury trial has set forth a specific limit upon the rulemaking authority of the court, *i.e.*, R.C. 1901.26(C).

We hold that the local rule herein exceeded the power of the trial court, and, as implemented, constitutes an error prejudicial to the statutory rights of the appellant. The appellant was, in effect, denied his right to a jury trial as accorded by the Ohio Constitution.

Appellees assert certain procedural matters in support of the action taken by the trial court. It is asserted the rule, as to deposits, is regularly waived by the trial court upon proper showing of hardship. However, this in no way excuses the basic invalidity of the rule.

In addition, the rule itself, so far as the record reveals, was adopted on October 30, 1981. The answer and counterclaim of the appellant were filed on June 12, 1981 — prior to adoption of the local rule — and incorporated a demand for a jury trial.

It is further contended by the appellees that appellant failed to place, in the caption of the pleading, the words "Jury Demand Endorsed Hereon" as required by Civ. R. 38(B), and hence, the demand was improper. However, the purpose of this provision is to insure that the court has notice of the demand so it will not be overlooked. In *Carl Sectional Home, Inc.* v. *Key Corp.* (1981), 1 Ohio App. 3d 101, at 103, the court stated:

"* * * The requirement that the phrase 'jury demand endorsed hereon' appear in the caption of the pleading in the July 1, 1976 amendment of Civ. R. 38(B) was to help assure that a jury demand endorsement not be overlooked as the rule had not previously specified where the endorsement was to be placed upon the pleading. See Staff Note to Civ. R. 38(B). In this case, there was ample notice before the scheduled trial that a jury had been demanded so that the failure to place the notice of the jury demand in the caption was not prejudicial to the opposing party or to the court in its administrative practice. Hence, that technical deficiency should not be held to deny Key Corporation its substantive and constitutional right to trial by jury."

Here, there is ample evidence that the trial court and all the parties were aware of the demand, as illustrated by the November 6, 1981 letter by the trial court to appellant (the letter was filed on

November 9, 1981 as part of the original papers).

We therefore conclude that the jury demand was not technically deficient.

The first assignment of error is well-taken.

The other assignments of error are as follows:

"Assignment of Error No. 2: The trial court erred in allowing plaintiffs to amend their verified complaint to conform to the evidence.

"Assignment of Error No. 3: The trial court erred in awarding plaintiffs a return of attorney fees allegedly paid to defendant-appellant for legal services.

"Assignment of Error No. 4: The trial court erred in awarding plaintiffs punitive damages and attorney fees of the action as a finding of intent and malice is against the manifest weight of the evidence.

"Assignment of Error No. 5: The trial court erred in awarding plaintiffs their attorney's fees in this action as no evidence was presented establishing the value of attorney fees."

Each of these asserted errors is directed to an occurrence at trial. The trial was *void ab initio* since appellant was denied, by application of the local rule, his right to present his case to a jury. For this reason only, each of the remaining assignments of error are well-taken.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for reconsideration of the posting of an advance deposit not exceeding ten dollars, and for further proceedings pursuant to law.

*Judgment reversed and cause remanded.*

MILLER, P.J., and GUERNSEY, J., concur.