SKIDMORE & HALL, APPELLEE, *v.* ROTTMAN ET AL., APPELLANTS.

(No. 1582—Decided September 2, 1987.)

*Richard J. Marco* and *Lee T. Skidmore,* for appellee.

*Wayne H. Calabrese,* for appellants.

QUILLIN, P.J. The issue presented in this case is whether a jury demand attached to a reply to a compulsory counterclaim applies to the original complaint when the counterclaim is

dismissed prior to trial. We hold that it does.

Appellee Skidmore & Hall filed a complaint against appellants upon an alleged contract for legal services. Appellants filed an answer denying liability on the alleged contract and a counterclaim for attorney malpractice. No jury demand was contained in the complaint, answer, or counterclaim. Skidmore & Hall then filed a reply to the counterclaim, which contained a demand for a trial by jury.

The counterclaim was settled and dismissed prior to the scheduled trial on the contract claim. The trial court ruled that there was no jury demand for the issues to be tried, and, over appellants' objection, proceeded to a bench trial. Appellants appeal the adverse judgment.

### Assignments of Error

"I. The trial court erred in dismissing the jury immediately prior to trial.

"II. The trial court abused its discretion in dismissing the jury immediately prior to trial."

Civ. R. 38(B) provides in part that: "Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor * * * not later than fourteen days after the service of the last pleading directed to such issue." Absent such demand, the right to trial by jury is waived. Civ. R. 38(D). The exclusive method of waiving trial by jury, if one has been properly demanded, is found in Civ. R. 39(A).

Appellee relies on *Cincinnati Ins. Co.* v. *Gray* (1982), 7 Ohio App. 3d 374, 7 OBR 474, 455 N.E. 2d 1080. In *Gray* the only demand for a trial by jury was contained in a third-party complaint. The jury demand was that "all issues *made herein* be submitted to a jury * * *." (Emphasis *sic*.) *Id.* at 377, 7 OBR at 478, 455 N.E. 2d at 1084. When the third-party complaint was dismissed, the *Gray* court held that the right of trial by jury did not apply to the issues contained in the original complaint.

In the present case, appellee's reply to the counterclaim states, "[a] trial by jury of the issues is hereby demanded." The lack of specificity of appellee's demand distinguishes the present case from *Gray, supra*. Civ. R. 38(C) provides in part that "[i]n his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable." Because appellee's jury demand did not limit the issues to be tried by a jury, the demand, if timely, related to all issues triable as of right by a jury.

As noted above, Civ. R. 38(B) requires the jury demand to be served "not later than fourteen days after the service of the last pleading directed to such issue." The crucial question, then, is what is "the last pleading directed to such issue"?

Because Civ. R. 38 is patterned after Fed. R. Civ. P. 38, see Staff Note to Civ. R. 38, an analysis of cases interpreting Fed. R. Civ. P. 38 will be useful in determining what is a "new issue."

The general rule is that "[i]f the counterclaim raises the same issues as are raised by the answer, a demand not later than ten days [fourteen days in Ohio] after the reply is effective for those issues." (Footnote omitted.) 9 Wright & Miller, Federal Practice and Procedure (1971) 91, 93, Section 2320; *Miller* v. *Poretsky* (D.D.C. 1976), 409 F. Supp. 837, 840, fn. 4.

Similarly, it has been held that where there is a complaint, answer, compulsory counterclaim, and reply to the counterclaim, a jury demand is timely to all issues if made not later than ten days after the service of the reply. 5 Moore, Federal Practice (1980)

38-346, 38-349, Paragraph 38.39[2]. See, also, *Garman* v. *Metropolitan Life Ins. Co.* (D.N.J. 1947), 7 F.R.D. 473, 476-477; *Carl Sectional Home, Inc.* v. *Key Corp.* (1981), 1 Ohio App. 3d 101, 1 OBR 403, 439 N.E. 2d 915. Contra *Ferguson* v. *Johnson* (1984), 15 Ohio App. 3d 143, 15 OBR 235, 473 N.E. 2d 56.

Appellants' counterclaim for malpractice is compulsory under Civ. R. 13(A) because "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Thus, the last pleading directed to the issues to be tried was appellee's reply to appellants' counterclaim.

We conclude, therefore, the jury demand contained in appellee's reply to appellants' counterclaim constituted a demand for a jury on all issues contained in the complaint and counterclaim. There having been no effective waiver of the right to a trial by jury under Civ. R. 39(A), appellants were entitled to a trial by jury on the issues presented by the complaint, notwithstanding the dismissal of the counterclaim.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed
and cause remanded.*

BAIRD and CACIOPPO, JJ., concur.