OPINION
Plaintiffs-appellants Ellis Lehman and Sandra Lehman appeal from the December 30, 1999, Judgment Entry of the Canton Municipal Court.
 STATEMENT OF THE FACTS AND CASE
On October 20, 1999, appellants Ellis Lehman and Sandra Lehman filed a complaint for breach of contract against appellee Newland Smith in the Small Claims Division of the Canton Municipal Court. Appellants, in their complaint, specifically alleged that they had entered into a residential lease agreement with appellee, that they were wrongfully forced to vacate the premises, and that appellee wrongfully withheld their $450.00 security deposit. Appellants requested damages in the amount of $3,000.00. Upon appellee's motion, the case sub judice later was transferred to the regular docket of the Canton Municipal Court. Pursuant to a notice filed on November 17, 1999, the trial court scheduled a trial for December 28, 1999. On November 19, 1999, appellants filed a "Notice of Service of Plaintiffs' First Set of Requests for Production of Documents Directed to Defendant" and "Notice of Service of Plaintiffs' First Set of Request for Admissions Directed to Defendant." Appellants did not attach copies of the Request for Admissions or of the Requests for Production to their notices. The same day, appellant filed an amended complaint for money damages and breach of contract seeking a total of $15,000.00 in damages, including $12,577.50 for appellee's alleged Uniform Commercial Code violations. Subsequently, appellants, on November 22, 1999, filed a motion requesting a 90 day extension of time to prepare for trial. As grounds for their motion, appellants argued that appellee "must be given adequate time to provide documents and answers to Plaintiffs [appellants] as well as adequate time for the Plaintiffs [appellants] to review said documents and answers." On the same date, appellants filed a motion for a jury trial pursuant to Civ.R. 38(A), the 7th Amendment of the Bill of Rights (1791) of the U.S. Constitution of 1787 and Article 1, Section 5 of the Ohio Constitution of 1851. As is memorialized in a Judgment Entry filed on November 23, 1999, the trial court denied appellants` motion for a 90 day extension of time and their motion for a jury trial without explanation. In response, a "Motion for Findings of Fact and Conclusions of Law" pursuant to Civ.R. 52 was filed by appellants on November 29, 1999. Thereafter, an answer and counterclaim for abuse of process and for rent were filed by appellee on December 8, 1999. In response to appellants' November 29, 1999, request for findings of fact and conclusions of law, the trial court, pursuant to a Judgment Entry filed on December 23, 1999, stated, in part, as follows: "Plaintiff's `Motion for Jury Trial' filed November 22, 1999 requests a jury trial pursuant to Rule 38(A) of the Ohio Rules of Civil Procedure with `an order directing any costs associated with this request be assessed to the defendant."
Local Rule Number 31 of the Canton Municipal Court states:
 `In any civil action or proceeding when a jury trial is demanded, the party making such demand shall be required to make an advance deposit of $200.00, unless upon affidavit or other evidence the Court concludes that such party is unable to make the required deposit.'
Plaintiffs have failed to comply with Local Rule Number 31.
Plaintiffs' `Motion for Jury Trial' filed November 22, 1999, is OVERRULED."
The trial court, in its December 23, 1999, entry, further reminded the parties that the trial was scheduled for December 28, 1999. Appellee, on December 23, 1999, filed a motion for summary judgment on appellants' complaint and on appellee's counterclaims. Four days later, a "Motion to Vacate Judgment" was filed by appellants. Appellants, in their motion, sought to vacate the trial court's December 23, 1999, Judgment Entry overruling appellants' demand for a jury trial. The same day, appellants filed motions to dismiss appellee's motion for summary judgment and to dismiss appellee's counterclaim and a motion for an order compelling discovery and for sanctions, alleging that appellee had failed to respond to appellants' November 19, 1999, discovery requests. All four of appellants' December 27, 1999, motions were overruled by the trial court pursuant to a Judgment Entry filed on December 28, 1999, the day of the trial. Thereafter, on December 28, 1999, appellants' case was called for trial. While appellants appeared on such date and read a prepared statement, appellants elected not to present any evidence or to remain for the trial. Appellee, however, presented evidence supporting his counterclaims. Following the trial, the trial court, as memorialized in a Judgment Entry filed on December 30, 1999, dismissed appellants' amended complaint and granted appellee a judgment against appellants on appellee's counterclaim in the amount of $3,625.00 plus interest in the amount of 10% per annum. The trial court further ordered appellants to reimburse appellee for all court costs. Appellants' January 6, 2000, motion for reconsideration of the trial court's December 30, 1999, Judgment Entry was denied by the trial court via a Judgment Entry filed on January 7, 2000. It is from the trial court's December 30, 1999, Judgment Entry that appellants prosecute their appeal, raising the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF [SIC] LEHMAN RIGHT TO JURY TRIAL AND DISCOVERY AND PROCEEDING TO TRIAL TO THE PREJUDICE OF PLAINTIFF LEHMAN. SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF (SIC) LEHMAN IN DENYING DUE PROCESS OF LAW BY DENYING DISCOVERY AND THE ABILITY TO GATHER EVIDENCE FOR USE AT TRIAL.
 I
Appellants, in their first assignment of error, argue that the trial court improperly denied appellants' November 22, 1999, motion for a jury trial. We disagree. As is stated above, Canton Municipal Court Rule No. 31 states, in relevant part, as follows: "In any civil action or proceeding when a jury trial is demanded, the party making such demand shall be required to make an advance deposit of Two Hundred Dollars ($200.00), unless upon affidavit or other evidence the Court concludes that such party is unable to make the required deposit. . . . If the advance deposit is not paid in full seven (7) business days prior to the trial date, the case shall proceed to a Court trial unless otherwise modified by Court order."
Appellants, in the case sub judice, neither paid the $200.00 advance deposit nor provided the trial court with an affidavit establishing that they were unable to pay the same. Due to appellants' failure to comply with Local Rule No. 31, the trial court overruled appellants' November 22, 1999, motion requesting a jury trial. As the Ohio Supreme Court stated in Cleveland Ry. Co. v. Halliday (1933), 127 Ohio St. 278, 284: "[t]he right to a jury trial does not involve merely a question of procedure. The right to jury trial derives from Magna Charta. It is reasserted both in the Constitution of the United States and in the Constitution of the State of Ohio. For centuries it has been held that the right of trial by jury is a fundamental constitutional right, a substantial right, and not a procedural privilege." However, while the right to a jury trial is a fundamental constitutional right, it is subject to moderate and reasonable regulations. For example, the Ohio Supreme Court has held that local rules, such as Rule No. 31 in this matter, that require an advance deposit as security for the cost of a jury trial and that provide that failure of a party to advance such deposit constitutes a waiver of the right to a jury trial are "moderate and reasonable regulations of the right to a trial by jury". Walters v. Griffith (1974), 38 Ohio St.2d 132, syllabus. The Court, in Walters, clearly stated such rules are valid and do not impair the constitutional right to a jury trial. Moreover, consistent with the Ohio Supreme Court's holding in Walters, supra. R.C. 1901.26(A)(3) states, in relevant part, as follows: "When a jury trial is demanded in any civil action or proceeding, the party making the demand may be required to make an advance deposit as fixed by rule of court, unless, upon affidavit or other evidence, the court concludes that the party is unable to make the required deposit. If a jury is called, the fees of a jury shall be taxed as costs." (Emphasis added.)
Appellants, in their brief, cite to Hemmelgarn v. Berning (1983), 10 Ohio App.3d 60 for the proposition that they cannot be required to pay an advance jury deposit exceeding ten dollars. The court, in Hemmelgarn, specifically held that a municipal court may not require, by local rule, that a party who has properly demanded a jury trial pay an advance deposit of $250.00 since such requirement conflicted with R.C. 1901.26(C). The version of R.C. 1901.26(C) in effect at that time provided that an advance deposit "not exceeding ten dollars" may be required. However, since Hemmelgarn was decided, R.C. 1901.26 has been amended several times. The current version of R.C. 1901.26, which is cited above, no longer contains the "ten dollar" limitation for an advance deposit, but rather provides that a party making a jury demand may be required to make an advance deposit "as fixed by rule of court." For the foregoing reasons, we find that the trial court properly denied appellants' November 22, 1999, motion for a jury trial since appellants failed to comply with Canton Municipal Court Rule No. 31. Appellant's neither posted the $200.00 advance deposit nor applied for a waiver of such deposit by submitting an affidavit or other evidence to the court establishing that they were unable to pay the same. Appellants' first assignment of error is, therefore, overruled. II Appellants, in their second assignment of error, contend that the trial court denied them due process of law by denying their motion to compel discovery. We do not concur. Absent an abuse of discretion, an appellate court must affirm a trial court's disposition on discovery issues. State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Thus, we must examine the record in this case to determine if the trial court's decision denying appellants' motion to compel discovery was arbitrary, unreasonable or unconscionable. As is stated above, appellants' filed the case sub judice on October 20, 1999. Pursuant to a notice filed on November 18, 1999, the trial court scheduled a trial for December 28, 1999. On November 19, 1999, appellants filed two notices indicating that service of their requests for admission and of their request for production of documents had been made on appellee. Appellants, however, did not attach copies of the requests for discovery to the notices. On December 27, 1999, the day before the scheduled trial, appellants filed a motion for an order compelling discovery stating, in part, as follows: "On November 19, 1999, 10:52 a.m. Plaintiffs filed their NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT and PLAINTIFFS filed their NOTICE OF SERVICE OF PLAINTIFFS' FIRST SET OF REQUEST FOR ADMISSIONS DIRECTED TO DEFENDANT. Defendant was allowed twenty-eight days from his responses to both requests which were due on December 17, 1999. However, defendant has ignored said requests and failed to produce any documents."
Appellants, in their December 27, 1999, motion, did not request a continuance of the trial date. After the trial court, on December 28, 1999, overruled appellants' motion for an order compelling discovery, the case proceeded to trial. Appellants, however, chose not to participate in the trial, but rather appeared, read a prepared statement and then left the courtroom. Based on the above facts, we find that the trial court did not abuse its discretion in overruling appellants' motion for an order compelling discovery since such decision was not arbitrary, unreasonable or unconscionable. Not only was appellants' December 27, 1999, motion filed the day before trial, but appellants, in their motion, stated that the requested discovery was due on December 17, 1999. Thus, even though appellants knew on or about December 17, 1999, that appellee had failed to respond to their discovery requests, they waited until December 27, 1999, the day before trial, before filing their motion to compel. Moreover, despite the fact that the motion was filed the day before trial, appellants did not request a continuance of the trial date to obtain the requested discovery. Finally, we cannot find that appellants were prejudiced by the denial of their motion to compel discovery. While appellants argue that they were prejudiced by the lack of discovery, they did not file copies of the requests for discovery with the trial court. Nor, in any documents filed with the trial court, did appellants specifically outline what discovery was requested from appellee. Without knowing what discovery was requested, this court is unable to determine exactly how appellants were prejudiced by the trial court's denial of their motion to compel.
Appellants' second assignment of error is, therefore, overruled. The judgment of the Canton Municipal Court is affirmed.
By Edwards, J. Wise, P.J. and Reader, V. J. concurs