**00–1210.  ·Dykes v. Gayton.**

Franklin App. No. 99AP–1073. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. Upon consideration of appellees' motion to stay the briefing schedule to facilitate settlement,

IT IS ORDERED by the court that the motion to stay the briefing schedule be, and hereby is, granted for a period of forty-five days from the date of this entry.

**00–2181.   Soler v. Evans.**

Franklin App. No. 99AP–1020. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issues stated in the court of appeals' journal entry filed on November 28, 2000, at pages 1–2:

"1) In an action involving multiple parties and multiple claims, must a party who has received summary judgment file a motion, pursuant to R.C. 2323.51, within twenty-one days of such summary judgment or may the party wait until twenty-one days of when the remaining claims are resolved?

"Similarly, must a party file the motion within twenty-one days of a voluntary dismissal, pursuant to Civ.R. 41(A), when a counterclaim remains pending or may the party wait until twenty-one days of when the counterclaim is resolved?

"2) Is a general jury demand in a complaint preserved as to the issues in a counterclaim when the demand is contained in a complaint that is later dismissed pursuant to Civ.R. 41(A)?"

Cook, J., dissents.

The conflict cases are *Skidmore & Hall v. Rottman* (1987), 38 Ohio App.3d 40, 525 N.E.2d 824; and *Edinger v. DeRail, Inc.* (Apr. 12, 1991), Lucas App. No. L–90–158, unreported, 1991 WL 53777.