DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the October 14, 2005 judgment of the Erie County Court of Common Pleas, Probate Division, which consolidated a forcible entry and detainer action filed in the Erie County Court of Common Pleas, General Division, with a probate action to recover the real property of an incompetent. The probate court also found appellant, Jacqueline Smith, in default for failing to appear and ordered appellant to vacate the premises. Upon consideration of the assignments of error, we reverse the decision of the lower court. Appellant, Jacqueline Smith, asserts the following assignments of error on appeal:
 {¶ 2} "A DEFENDANT IN A FORCIBLE ENTRY AND DETAINER ACTION PURSUANT TO OHIO REVISED CODE, SECTION 1923.10 AND THE LAW OF OHIO IS ENTITLED TO A JURY TRIAL WHEN A REQUEST IS MADE AND THE TRIAL COURT COMMITS PREJUDICIAL ERROR WHEN THE COURT EVICTS THAT DEFENDANT WITHOUT GIVING HER A TRIAL BY JURY.
 {¶ 3} "A JUDGE THAT HAS `PROBATE' AUTHORITY AND `GENERAL CIVIL' AUTHORITY DOES NOT HAVE JURISDICTION TO CONSOLIDATE A `GUARDIANSHIP' WITH A `FORCIBLE ENTRY AND DETAINER' CASE BECAUSE TO DO SO CREATES A CONFLICT OF INTEREST AND THE PROBATE COURT DOES NOT HAVE AUTHORITY TO TRANSFORM A MOTION IN PROBATE COURT INTO A FORCIBLE ENTRY AND DETAINER ACTION."
 {¶ 4} Ezell Smith was appointed as Guardian of the Estate and Person of his mother, Naomi Mickens, on April 5, 2004, by the Erie County Court of Common Pleas, Probate Division. He filed a complaint for forcible entry and detainer against Mickens' daughter, appellant, on July 6, 2004, in the Erie County Municipal Court. He sought to evict appellant from Mickens' home at 1208 Buchanan Street in Sandusky, Ohio. He alleged that appellant had been residing at Micken's home without a rental agreement since some time before their mother had become incompetent. The guardian alleged that he had attempted to enter into a rental agreement with appellant, but she refused to accept it. The guardian served appellant notice to vacate the premises on June 16, 2004. The guardian sought an order of possession of the premises and for damages if appellant had caused any damage to the premises.
 {¶ 5} A magistrate heard the matter on July 21, 2004. After the hearing, the magistrate discovered that appellant had filed an answer, counterclaim, and jury demand but that the clerk had not properly filed the document in the record. Appellant sought $25,000 in damages on each counterclaim. The error was further complicated by the fact that appellant did not reference her counterclaim at the hearing.
 {¶ 6} In a September 2, 2004, judgment entry, the magistrate concluded that appellant had not waived her right to a jury trial. Furthermore, the magistrate recommended and the municipal court transferred the case to the Erie County Court of Common Pleas, General Division.
 {¶ 7} On December 2, 2005, the guardian filed in the Erie County Court of Common Pleas, Probate Division, a motion for recovery of Micken's home and damages for any damage to the home, if any. About seven months later, on July 19, 2005, the guardian filed a motion in the general division forcible entry and detainer case seeking to have that case consolidated with the probate proceedings.
 {¶ 8} A pre-trial hearing was held on August 26, 2005, before Judge Binette in the general division. Neither appellant nor her attorney appeared. Following the hearing, in an order filed September 19, 2005, the court indicated that it had reviewed the municipal court and probate court records and determined that the guardian was entitled to possession of the premises. He ordered a writ of restitution to be filed against Smith and executed upon by August 26, 2005. Details of that order were later corrected in a nunc pro tunc judgment filed on September 23, 2005. It was not until September 22, 2005, that Judge Binette ordered that the forcible entry and detainer action be consolidated with the probate action. That order was filed in the probate court record on September 22, 2005. It was filed in the general division record on September 29, 2005.
 {¶ 9} On September 28, 2005, the forcible entry and detainer action was assigned to Judge Binette. On September 29, 2005, Smith filed a Civ.R. 60(B)(1) and (5) motion in both the general division and probate cases to vacate the order consolidating the cases and issuing the writ of restitution. A hearing on the motion was scheduled for October 14, 2005, and a stay was placed on the writ of execution. On October 14, 2005, Judge Binette found that there was no justification for continuing the stay but extended the time for vacating the premises to October 22, 2005. The counterclaims were set to be heard in due course. Smith sought an additional stay of the writ of restitution asserting that she had a written lease to reside at the premises since March 2003. She also asserted that she was entitled to a trial by jury as to the issue of whether she must vacate the premises. This motion was denied by Judge Binette on October 29, 2005. This order was filed in both records. Appellant then sought an appeal to this court from the October 14, 2005 judgment.
 {¶ 10} In her first assignment of error, appellant alleges that the probate court erred by ruling on the motion for recovery of the home in lieu of determining the forcible entry and detainer action and violated appellant's right to a jury trial.
 {¶ 11} The guardian first argues that appellant never properly demanded a jury trial. Appellant's pleading was captioned "Answer and Counterclaim and Jury Demand." We find that the caption utilized in this case satisfied the requirements of Civ.R. 38.
 {¶ 12} Civ.R. 38(B) requires that the jury demand must be in writing and, if endorsed upon a pleading, the caption shall state "Jury Demand Endorsed Hereon." However, the technical failure to incorporate within the caption the phrase "Jury Demand Endorsed Hereon" does not automatically constitute a waiver of the substantive and constitutional right to trial by jury. Perry v.LTV Steel Co. (1992), 84 Ohio App.3d 670, 677. The purpose of the amendment to the rule to include this requirement was to avoid the issues that had arisen because the jury demand was not always readily ascertainable. See, staff notes to Civ.R. 38. Therefore, we conclude that unless there is prejudice to the opposing party or to the administrative practice of the court, the failure to include the exact phrase "Jury Demand Endorsed Herein" does not prevent a party from asserting a right to a jury trial. Carl Sectional Home, Inc. v. Key Corp. (1981),1 Ohio App.3d 101, 103. Cf. Cincinnati Ins. Co. v. Gray (1982),7 Ohio App.3d 374, 377-378.
 {¶ 13} The guardian also argues that appellant waived her right to a jury trial. First, he argues that she waived the right by participating in an eviction hearing before the municipal court magistrate on July 21, 2004, without making a demand for a jury. Second, she waived the right to a jury trial by failing to attend a hearing in the Erie County Court of Common Pleas, Probate Division. We disagree.
 {¶ 14} Once properly demanded, the right to jury trial cannot be withdrawn except under the methods set forth in Civ.R. 39.Cincinnati Ins. Co. v. Pope (May 16, 1996), 8th Dist. App. No. 69578 and Cincinnati Ins. Co. v. Gray, supra. The rule provides that a jury trial can be waived after demanded if "* * * (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist." The rule also provides that the failure to answer or appear for trial constitutes a waiver of the right. Civ.R. 39(A). However, neither silence nor proceeding to trial without a jury constitutes waiver of a demand for a jury trial. Nenadal v. Landerwood Co. (May 12, 1994), 8th Dist. App. No. 65428 and Carl Sectional Home, Inc. v. Key Corp., supra.
 {¶ 15} In this case, appellant did not object at the hearing before the municipal court magistrate to proceeding with a hearing without a jury. However, her failure to do so did not constitute a wavier of her right to a jury trial. The magistrate expressly recognized that appellant had not waived her right to a jury trial. This hearing was not a trial of the merits of the forcible entry and detainer action.
 {¶ 16} Appellee also asserts that appellant waived her right to a jury trial by failing to appear at the hearing regarding the consolidation and resolution of the cases pending in the general division and the probate division of the common pleas court. This issue also relates to appellant's second assignment of error. In that assignment of error, appellant argues that the judge of the general division had no authority to consolidate the forcible entry and detainer action filed in his court and the guardianship pending in the probate court. Therefore, she asserts, she never waived her right to a jury trial.
 {¶ 17} After the forcible entry and detainer case was transferred to the general division of the Erie County Court of Common Pleas, the guardian filed, in the probate division, a motion to recover real estate and a motion to consolidate that motion with the forcible entry and detainer action. Appellant was given notice of the hearing on these two motions on July 19, 2005. Appellant did not appear at the August 26, 2005 hearing to determine these two motions.
 {¶ 18} While the probate court may rule on a forcible entry and detainer action pursuant to R.C. 1923.01, the municipal court transferred the action to the general division of the Erie County Court of Common Pleas. Our examination of the Erie County Court of Common Pleas supplemental rules reveals no rule regarding the power of a general division judge to transfer cases between divisions or any authority to sit on cases pending in another division than to which the judge was elected.
 {¶ 19} Nonetheless, we cannot address the issue of whether the general division judge had the authority to consolidate the two cases and rule on the consolidated case. Such a challenge had to be raised in an original action in which the judge participated. Schucker v. Metcalf (1986), 22 Ohio St.3d 33, 38;State ex rel. Sowell v. Lovinger (1983), 6 Ohio St.3d 21,22-23; State v. Baumgartner, 6th Dist. App. No. OT-03-013,2004-Ohio-3907, at ¶ 11; and WSOS Community Action Comm., Inc.v. Bessman (1993), 6th Dist. App. No. S-93-2. Since no objection was made, we must presume that the judge was acting within his authority.
 {¶ 20} However, we agree with appellant that she never waived her right to a jury trial. The hearing on the motion to consolidate the two pending cases was not a final hearing on the matter. Therefore, appellant's failure to appear for the hearing did not result in a waiver of her right to a jury trial.
 {¶ 21} Appellant's first assignment of error is found well-taken and her second assignment of error is found not well-taken.
 {¶ 22} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to the lower court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Singer, P.J. concur.