DECISION AND JUDGMENT ENTRY
{¶ 1} This original action is before the court on the request of relators, Jenine and Richard Porter, for a writ of mandamus/prohibition ordering the Honorable Charles D. Abood to hold a jury trial in a forcible entry and detainer action filed against the Porters.
 {¶ 2} To be entitled to the requested extraordinary relief in mandamus, relators must establish a clear legal right to a jury trial, a clear legal duty on the part of Judge Abood to hold a jury trial, and the lack of an adequate remedy in the ordinary course of the law.State ex rel. Martin v. Mannen, 113 Ohio St.3d 373, 2007-Ohio-2078, ¶ 5. In *Page 2 
order to be entitled to a writ of prohibition, relators must establish that: (1) Judge Abood is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v.McMonagle (2000), 87 Ohio St.3d 543, ¶ 26.
 {¶ 3} In the present action, relators have an adequate remedy at law by way of appeal. See, e.g., Mickens v. Smith, 6th Dist. No. E-05-078,2006-Ohio-4300 (finding that the defendants in a forcible entry and detainer action never waived their right to a jury trial). Accordingly, they are not entitled to extraordinary relief by way of mandamus or prohibition, and this action is dismissed. Costs assessed to relators.
WRIT DENIED.
Pursuant to Civ.R. 58(B), the clerk is directed to serve all partiesnot in default for failure to appear with notice of this judgment andits date of entry on the journal.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., Concur. *Page 1