POKORNY ET AL., BOARD OF COUNTY COMMISSIONERS OF CUYAHOGA COUNTY, *v.* LOCAL NO. 310, INTERNATIONAL HOD CARRIERS BUILDING AND COMMON LABORERS UNION OF AMERICA, APPELLANT; LILBE TAVERN, INC., APPELLEE.

(No. 73-718—Decided May 22, 1974.)

178

*Messrs. Riemer & Oberdank, Mr. Mortimer Riemer* and *Mr. Timothy J. Armstrong,* for appellants.

*Mr. Eli Manos* and *Mr. Michael Gavin,* for appellee.

CELEBREZZE, J. In this court, Local 310 argues three points for reversal:

(1) The trial court erred when, over appellant's objection, it allowed a jury trial on the issue of apportionment of the total award to holders of various property rights in an already appropriated property.

(2) The trial court erred in failing to admit evidence of the present, or capitalized value of a leasehold where evidence had been presented showing a "bonus" value to the leasehold above the contract rental.

(3) The trial court erred by refusing to allow appellant's expert witnesses to give testimony on direct examination about the rental values of comparable property.

Section 19, Article I of the Constitution of Ohio mandates a jury in an appropriation action for the purpose of determining the amount of compensation due to the property owner. On this basis, appellee has argued, and both courts below agreed, that a jury trial was proper in the instant case.

This court has held that if there is more than one interest or estate in land sought to be appropriated, a bifurcated proceeding is required. In *Sowers* v. *Schaeffer* (1951), 155 Ohio St. 454, the court, in paragraph one of the syllabus, described that procedure:

"A land appropriation proceeding is essentially one in rem; it is not the taking of the rights of persons in the ordinary sense but an appropriation of physical property. In the event there are several interests or estates in the parcel of real estate appropriated, the proper method of fixing the value of each interest or estate is to determine the value of the property as a whole, with a later apportionment of the amount awarded among the several owners according to their respective interests, rather than to take each interest or estate as a unit and fix the value thereof separately. The separate interests or estates as between the condemner and the owners are regarded as one estate."

This procedure is also made clear in R. C. Chapter 163. Pursuant to R. C. 163.10 and 163.14, a jury makes the initial award of compensation. Pursuant to R. C. 163.18, upon motion by any owner for distribution of the jury award, "the *court* shall hear evidence as to the respective interests of the owners in the property and may make distribution of the deposit or award accordingly." (Emphasis added.) Appellee argues, in effect, that insofar as R. C. 163.18 does not allow for a jury trial, it is unconstitutional because it conflicts with Section 19, Article I of the Constitution.

However, this court has made a distinction between the fixing of compensation due the owners as a group, and the apportionment of that compensation. (*Sowers* v. *Schaeffer*,

*supra.*) Section 19, Article I, does not require a jury trial to apportion the award between the property owners; it applies only to the action between the appropriating body and the property owners as a group.

While not mentioned by appellee, Section 5, Article I, must also be considered. It provides that: "The right of trial by jury shall be inviolate * * *." This constitutional guarantee applies only where trial by jury existed previous to its adoption. *Belding* v. *State, ex rel. Heifner* (1929), 121 Ohio St. 393. In *Willyard* v. *Hamilton* (1836), 7 Ohio 398, 402, this court determined that there was no common-law right to a jury trial in land appropriations. Consequently, there are no common-law or constitutional bars to our reading of R. C. 163.18.

Appellee also contends that even if there is no right to a jury trial in an appropriation award distribution action, the trial court's action can be justified by applying Civ. R. 39(C), which, in pertinent part, provides:

"In all actions not triable of right by a jury (1) the court upon motion or on its own initiative may try any issue with an advisory jury * * *."

Although it is clear that a court could apply that rule in an action of this nature, it is also clear from the record that the court did not in fact empanel an advisory jury. Appellee exclusively based its jury demand on Section 19, Article I, and the court's entry granting a jury trial was based upon "consideration of the briefs of the parties and arguments of counsel * * *." Also, the entry journalizing the jury's verdict in no way indicated that the judge viewed the verdict as advisory.

Appellee argues further that, even if the trial court's granting of a jury trial was erroneous, this error was not prejudicial since the trial judge failed to grant motions for judgment notwithstanding the verdict, and in the alternative, for a new trial.

The denial of these motions demonstrates that the judge felt that there was sufficient evidence to support the verdict. The denial does not demonstrate that the judge would necessarily have reached the same result. Allowing

trial by a jury in this proceeding was erroneous, and that error was prejudicial to appellant.

In order for a lessee, whose interest is affected by condemnation, to share in the award, he must show that the lease has a "bonus" value. In other words, the fair market value of the lease for its unexpired term must be shown to exceed the amount of the contract rental. *Frownfelter* v. *Graham* (1959), 169 Ohio St. 309, paragraph two of the syllabus.

Appellee presented evidence of that bonus value of $47,250 for the remaining eight years and eight months of the lease. Appellant submits that evidence which indicated that the total amount must be discounted to present value was improperly excluded.

The Court of Appeals presented the theory behind discounting thus:

"Discounting is the determination of the present value of future income or benefits. Appellant's theory of discounting leasehold value is that if there is value to the lease, the lessee will receive this value or benefit ratably over eight years and eight months, and if the lessee receives cash for this benefit at one time, the total amount should be discounted because the benefit will come to the lessee all, at once and he does not have to wait for it."

The Court of Appeals did not allow this argument, holding that discounting is the minority view in the several states.

While this court has made no direct ruling on that issue, there is broad support for the theory. See 4 Nichols on Eminent Domain (3 Ed.), Section 12.42 [3]. The Court of Appeals cited three cases to support its position. *Dept. of Public Works* v. *Metropolitan Life Ins. Co.* (1963), 42 Ill. App. 2d 378, 192 N. E. 2d 607; *In re Real Property in Borough of Manhattan* (1963), 241 N. Y. Supp. 2d 44; *State* v. *Parkey* (Tex. 1956), 295 S. W. 2d 457. From our reading, those cases seem to require discounting.

Also, in *Queen City Realty Co.* v. *Linzell* (1957), 166 Ohio St. 249, 252, the court described the valuing of a leasehold interest as including "* * *a capitalization of the rea-

sonable rental value * * *.'' Although this statement was not pertinent to the decision in that case, it is indicative of the recognition of a common practice.

The practice of discounting should be taken into consideration simply because, as this court, in *Masheter* v. *Hoffman* (1973), 34 Ohio St. 2d 213, 221, said: '' '* * * every element that can fairly enter into the question of value, and which an ordinarily prudent businessman would consider before forming judgment in making a purchase, should be considered.' ''

Failure to take discounting into consideration on the facts presented was prejudicial error. We make no decision on the discount factor to be used since that should be determined on the trial level.

Finally, the Court of Appeals recognized that this court's decision in *Masheter* v. *Hoffman, supra,* allows evidence of ''sales prices of other comparable real property,'' and that this decision should also logically apply to comparable rentals on direct examination. However, the Court of Appeals determined that the error was not prejudicial because the trial court allowed the experts to testify that the comparable rentals were lower than the rental on the subject property, so that: ''Evidence as to the exact rentals paid for the comparable properties would have added little to appellant's case * * *.''

The question whether the trier of the facts would have reached a different conclusion absent the error is a close one. However, since we find other errors mandating reversal, the trial court will, of course, allow direct evidence of comparable rentals.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded for proceedings consistent with this decision.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and P. BROWN, JJ., concur.

W. BROWN, J., concurs in the judgment.