ALLEN ET AL., APPELLANTS, *v.* EASTMAN KODAK COMPANY ET AL., APPELLEES.

[Cite as Allen v. Eastman Kodak Co. (1976), 50 Ohio App. 2d 216.]

(No. 75AP-365—Decided February 3, 1976.)

*Messrs. Bradley & Farris* and *Mr. Walter Kaufman,* for appellants.

*Messrs. Lane, Alton & Horst,* for appellees Eastman Kodak Co. and Eastman Chemical Co.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Robert E. Leach,* and *Mr. Edgar A. Strause,* for appellees Borden Inc., Edward L. Mahoney and Dewey Bennett.

*Messrs. Wright, Harlor, Morris & Arnold,* for appellee William T. Paul, M. D.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. William T. McCracken,* for appellee Ashland Chemical Co.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Theodore D. Sawyer,* for appellee Arco Chemicals.

*Messrs. Young & Alexander* and *Mr. Thomas E. Jenks,* for appellee Celanese Chemical Co.

*Messrs. Alexander, Ebinger, Holschuh, Fisher & McAlister,* for appellee Exxon Chemical Co.

*Messrs. Glander, Brant, Ledman & Newman,* for appellee Texaco, Inc.

*Messrs. Power, Jones & Schneider* and *Mr. S. Noel Melvin,* for appellee Union Carbide Co.

*Messrs. Wright, Harlor, Morris & Arnold* and *Mr. Charles C. Warner,* for appellees Shell Chemical Co. and Tag Chemical Co.

HOLMES, J. This matter involves the appeal of a summary judgment of the Court of Common Pleas of Franklin County as granted to certain of the defendants in an action brought by these plaintiff employees of the defendant Borden, and its Columbus Coated Fabrics Division, against such employer, as well as a member of manufacturers and distributors of certain chemicals used by the Columbus Coated Fabrics company in its manufacturing process, which chemicals were alleged to have occasioned serious and crippling injuries to the plaintiff employees.

The complaint also named as defendants Mr. Edward L. Mahoney, the president of Columbus Coated Fabrics, Mr. Dewey Bennett, the safety director of such company, and Dr. William T. Paul, the physician of Columbus Coated Fabrics.

The defendant employer, as well as Mr. Mahoney, Mr. Bennett, and Dr. Paul, filed motions for summary judgment. Such motions were based upon Section 35, Article II of the Ohio Constitution, R. C. 4123.74, which provisions preclude an action for damages by an employee against his own employer, and upon R. C. 4123.741, which precludes an action for damages by "any other employee" as against any "employee of any employer."

Upon granting summary judgment for these defendants herein named, the claims as against the manufacturers and distributors of the complained of chemicals were left pending for further proceedings.

The assignments of error of the plaintiffs, appellants herein, are as follows:

"1. The trial court erred in sustaining the Defendants' Borden, Inc.; Edward L. Mahoney, Dewey Bennett, and

William T. Paul's Motion for a Summary Judgment on the basis of the Ohio Workmen's Compensation laws, Article II, Section 35, Ohio Constitution; and Section 4123.74 and 4123.741, Revised Code, for these Sections unconstitutionally deprived the Plaintiffs of their 5th Amendment, U. S. Constitution, right to property without due process.

"2. The trial court erred in sustaining the Defendants' Borden, Inc., Edward L. Mahoney, Dewey Bennett, and William T. Paul's Motion for a Summary Judgment on the basis of the Ohio Workmen's Compensation laws, Article II, Section 35, Ohio Constitution; and Sections 4123.-74 and 4123.741, Revised Code, for these Sections unconstitutionally deprived the Plaintiffs of their 5th Amendment, U. S. Constitution, right to life and liberty without due process of law.

"3. The trial court erred in sustaining the Defendants' Borden, Inc., Edward L. Mahoney, Dewey Bennett, and William T. Paul's Motion for a Summary Judgment on the basis of the Ohio Workmen's Compensation laws, Article II, Section 35, Ohio Constitution; and Sections 4123.74 and 4123.741 Revised Code, for these Sections unconstitutionally deprived the Plaintiffs of their 14th Amendment, U. S. Constitution, right to equal protection of the laws."

Basically, such assignments of error, and the rather voluminous brief filed by the plaintiffs in support thereof, argue that the workmen's compensation law of the state of Ohio, as provided for by the Ohio Constitution and statutory enactment, is contrary to the Constitution of the United States in that such law denies these and other Ohio employees the due process of law as provided by the Fifth Amendment to the Constitution, and denies such employees the "equal protection" of the law as provided for by the Fourteenth Amendment to the Constitution.

We must reject all of the plaintiffs' assignments of error.

Much of the plaintiffs' argument in support of their claim of the unconstitutionality of the workmen's compensation law is based upon their premise that the courts must review the purposes and the legislative intent of such

state laws in the light of the changing patterns of manufacturing processes, and the increased use of new, exotic, and potentially physically dangerous types of chemicals and synthetics.

The argument takes the form that such new and dangerous chemicals could not have been in the minds of the framers of the Constitution of Ohio and the minds of the legislature when the code sections were enacted, as such would relate to the right of action that employees should be ever granted where personal injuries have been received. Plaintiffs further emphasize that the continuing right to bring an action for injuries sustained in the course of one's employment should particularly not be denied where it is shown that the employer has not complied with certain safety standards for the protection of such employees.

A number of cases cited by the plaintiffs in support of the aforestated propositions were decided prior to the adoption of the fountainhead for the authority of the original workmen's compensation provision, Section 35, Article II, of the Ohio Constitution, as adopted in 1912.

This constitutional provision provided generally for the elimination of rights of action by employees against employers for injuries received by the employees. It initially provided that rights of action could still be maintained where "lawful requirements" for the protection of lives, health and safety of employees had not been met.

However, effective January 1, 1924, this latter reference to rights of action where "lawful requirements" had not been met was amended to specifically preclude a suit for damages by an employee against an employer covered by the Workmen's Compensation Act, such amendment being in the following terms:

"* * * Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * *"

This constitutional provision has been implemented by the Workmen's Compensation Act which prohibits negligence actions by employees against a covered employer for injuries received while in the course of their employment, but provides for compensation for injuries or death in conformity with the procedures, findings, and schedules of the Industrial Commission pursuant to the authorization of such chapter of law.

Also, if there be a violation of specific safety requirements as established by the commission, an additional recovery may be awarded pursuant to the following provisions of this constitutional section:

"Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease, or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards * * *."

In conformity with such constitutional authority, the General Assembly created the Industrial Commission of Ohio and enacted volume 41 of the Ohio Laws, and sections of law providing for the general standards and duties of care owed by an Ohio employer to his employees, and to those known as "frequenters," who regularly come upon the premises of the employer.

The Supreme Court of Ohio, prior to the 1924 amendment of section 35, Article II, held that these workmen's compensation laws, "embodying in general terms duties and obligations of care and caution," were lawful requirements

within the meaning of the Ohio Constitution, and thence held that an action could be brought by an employee as against an employer. *The Ohio Automatic Sprinkler Co. v. Fender* (1923), 108 Ohio St. 149 .This interpretation of the workmen's compensation laws was again followed in the case of *Winzeler* v. *Knox* (1924), 109 Ohio St. 503.

However, as stated, the adoption of the amendment to Section 35, Article II, specifically precluded such a suit by an employee, and the language of the amendment stated in effect that the compensation received by an employee pursuant to laws provided for the compensation of employee injuries, "shall be in lieu of all other rights to compensation or damages * * *."

In harmony with this provision of the Constitution, as amended, was the enactment of R. C. 4123.74, which provides:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation directly to his injured employees or the dependents of his killed employees, whether or not such injury, occupational disease, bodily condition, or death is compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

Since such constitutional amendment, and this specific code section, the Ohio Supreme Court, and other courts in Ohio, have uniformly held that an employee may not sue a complying employer for damages for injuries sustained in his employment. Example of such cases propounding such law are *State, ex. rel. Turner,* v. *United States Fidelity Co.* (1917), 96 Ohio St. 250; *State, ex rel. Engle, v. Indus. Comm.* (1944), 142 Ohio St. 425; *Sebek* v. *Cleveland Graphite Bronze Co.* (1947), 148 Ohio St. 693; *Bevis* v. *Armco Steel*

*Corp.* (1949), 86 Ohio App. 525; *Greenwalt* v. *Goodyear Tire & Rubber Co.* (1955), 164 Ohio St. 1; *Daniels* v. *Mac-Gregor Co.* (1965), 2 Ohio St. 2d 89; and *State, ex rel. Allied Chemical Corp.,* v. *Earhart* (1974), 37 Ohio St. 2d 153.

As noted here, the main thrust of the plaintiffs' argument in this appeal is to the effect that these workmen's compensation laws, as interpreted by the Ohio courts, unreasonably limit the rights of an employee to be "fully compensated" for his injuries received within the course of his employment, and in effect force the employee to accept the smaller amount of compensation provided for by the workmen's compensation law. Such resultant, argue the plaintiffs, is an unconstitutional denial of the employee's right of "due process" and "equal protection" of the law.

The initial portion of the plaintiffs' argument, to the effect that "full compensation" in the form of pain and suffering and punitive damages, has been denied an employee by the workmen's compensation laws, was early laid to rest by the Supreme Court of Ohio in *State, ex rel. Crawford,* v. *Indus. Comm.* (1924), 110 Ohio St. 271.

No Ohio cases have been cited herein which speak directly to the federal constitutional arguments advanced by these plaintiffs. However, the Supreme Court of the United States, and the Supreme Courts of other states, have upheld other similar statutory provisions against claims of unconstitutionality.

As pointed out by the defendants herein, the United States Supreme Court considered three coordinated cases involving the constitutionality of the workmen's compensation laws of the states of New York, Iowa and Washington, in *New York Central R. R. Co.* v. *White* (1917), 243 U. S. 188, *Hawkins* v. *Bleakly* (1917), 243 U. S. 210, and *Mountain Timber Co.* v. *State of Washington* (1917), 243 U. S. 219.

In upholding the workmen's compensation law of New York, the Supreme Court set forth the following in its, syllabus in *New York Central R. R. Co.* v. *White, supra:*

"*Held:* (1) That neither (a) in rendering the employer

liable irrespective of the doctrines of negligence, contributory negligence, assumption of risk and negligence of fellow servants, nor (b) in depriving the employee, or his dependents, of the higher damages which, in some cases, might be recovered under those doctrines, can the act be said to violate due process.

"(2) That viewed from the standpoint of natural justice, the system provided by the act in lieu of former rules is neither arbitrary nor unreasonable. * * *

"The common-law rules respecting the rights and liabilities of employer and employee in accident cases, viz., negligence, assumption of risk, contributory negligence, fellow-servant doctrine, as rules defining legal duty and guiding future conduct, may be altered by state legislation, and even set aside entirely—at least if some reasonably just substitute be provided."

In amplification of the rationale of these principles, we find the following within the decision, at page 197:

"In considering the constitutional question, it is necessary to view the matter from the standpoint of the employee as well as from that of the employer. For, while plaintiff in error is an employer * * * the exemption from further liability is an essential part of the scheme, so that the statute if invalid as against the employee is invalid as against the employer.

"The close relation of the rules governing responsibility as between employer and employee to the fundamental rights of liberty and property is of course recognized. But those rules, as guides of conduct, are not beyond alteration by legislation in the public interest. No person has a vested interest in any rule of law entitling him to insist that it shall remain unchanged for his benefit. * * * The common law bases the employer's liability for injuries to the employee upon the ground of negligence; but negligence is merely the disregard of some duty imposed by law; and the nature and extent of the duty may be modified by legislation, with corresponding change in the test of negligence. * *, * "

The Supreme Court, in *Hawkins* v. *Bleakly, supra,* in

reviewing the workmen's compensation law of Iowa, said, in the syllabus, the following:

"A Workmen's Compensation Act, which, prescribing the measure of compensation and the circumstances under which it is to be made, establishes a method of applying the measure to the facts of each case by due hearings before an administrative tribunal, whose action upon all fundamental and jurisdictional questions is subject to judicial review, is not open to objection upon the ground that it clothes the administrative body with an arbitrary and unbridled discretion in violation of due process of law."

Similarly, in *Middleton* v. *Texas Power & Light Co.* (1919), 249 U. S. 152, the Supreme Court of the United States reviewed the Texas workmen's compensation act, and it specifically rejected the assertion that workmen's compensation laws constitute a "deprivation of liberty and property without due process of law." It further rejected the claim that such act denied employees affected by the act equal protection of the law.

In *Keller* v. *Dravo Corporation* (C. A. 5, 1971), 441 F. 2d 1239 (*cert. denied* 404 U. S. 1017), the plaintiff contended that "he was unconstitutionally deprived of a property right," and his "right" to sue his employer and fellow servants for damages by the provisions of the Longshoremen's and Harbor Workers' Compensation Act. In rejecting this contention, the court stated, at page 1242, that "one cannot be heard to question the sufficiency of due process if the rule of law, which merely held the potential to create a property right, was changed before any right vested," and concluded: "This latter situation is precisely what obtains in the instant case."

In *Massey* v. *Thiokol Chemical Corp.* (S. D. Ga. 1973), 368 F. Supp. 668, the claim that the workmen's compensation law of Georgia denied "due process" and "equal protection" because of the denial of "all common law and other remedies to covered employees and their dependents" was rejected.

In *Kaznoski* v. *Consolidation Coal Co.* (W. D. Penn. 1974), 368 F. Supp. 1022, it was held that the West Virginia

workmen's compensation act was not a violation of "due process" by virtue of "the loss of one's right to sue."

It is difficult, if not impossible, to enact perfect legislation pertaining to any field of human endeavor or needs. The laws relating to workmen's compensation, the Industrial Commission, and the provisions of law enacted to compensate employees for their work-related injuries, and to provide for relief from civil suit to the covered employer, is no exception to the general rule.

The workmen's compensation laws of Ohio may well not be perfection in their attempt to compensate employees for their injuries, but they do indeed provide a reasonably equitable balance between the rights, duties and privileges of both the employee and the employer.

Although these statutes as written, and as administered by the administrator and the Industrial Commission, may need amendments in certain respects, such laws are not unreasonable or unfair in the constitutional sense. We believe that these laws have provided a fair and reasonable opportunity for employees to be compensated for their injuries, and an opportunity for the families of deceased employees, who have succumbed from industrial injuries, to receive survivor benefits for their reasonable aid and care.

We find no unconstitutional denial of due process, nor a denial of the equal protection of the law, on the face of such statutes. Nor do we find that these plaintiffs have been treated unfairly or unreasonably in the interpretation or application of such laws to their claimed right to relief.

Therefore, all of the assignments of error as set forth by the plaintiffs are hereby dismissed, and the judgment of the Court of Common Pleas of Franklin County is hereby affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and McCORMAC, J., concur.