BISHOP, APPELLANT, *v.* HYBUD EQUIPMENT CORPORATION, APPELLEE.

(No. 13527—Decided
December 7, 1988.)

*Harry A. Tipping,* for appellant.
*John N. Childs* and *Eleanor J. Tschugunov,* for appellee.

*Per Curiam.* Daniel Bishop, plaintiff-appellant, appeals the judgment of the trial court in favor of defendant-appellee, Hybud Equipment Corp. On November 13, 1986, appellant was injured within the scope of his employment with appellee. Appellant filed an intentional tort claim, pursuant to R.C. 4121.80.

The facts are these: Appellant was driving his truck downhill on Merriman Road. When he applied the brakes, they locked causing him to lose control of the truck. The road surface was icy and the truck skidded off the road and into a ditch. Appellant alleged that his injuries were directly related to appellee's willful, intentional, and malicious failure to properly maintain its vehicles.

Both appellant and appellee moved for summary judgment. Summary judgment was denied to both parties and the case was tried by the court. The trial court found in favor of the appellee and the appellant has timely appealed.

Assignment of Error II

"The failure to provide plaintiff a jury trial with respect to the issue of whether or not the injuries he sustained within the scope and course of his employment were the result of intentional conduct proscribed by Section 4121.80 of the Ohio Revised Code violated plaintiff's constitutional and statutory right to trial by jury as set forth and contained in Article I, Section 5 of the Ohio Constitution and Section 2311.04 of the Ohio Revised Code."

Appellant contends that R.C. 4121.80(D) is unconstitutional because it denies an employee, suing his employer under the theory of intentional tort, the right to a trial by jury. In answer, appellee asserts that appellant has no such right because R.C. 4121.80 abolishes the right to a trial by jury in cases where an employee sues his employer for an intentional tort and, further, that appellant has waived his right to a trial by jury.

"In *Ireland* v. *Palestine, Braffetsville, N.P. & N.W. Turnpike Co.* (1869), 19 Ohio St. 369, 373, it was stated that no constitutional question is ripe for judicial review 'where the case can be disposed of upon other tenable grounds.' " *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 105, 522 N.E. 2d 489, 495, fn. 6. Accordingly, before addressing the constitutional issues, this court will determine whether appellant waived a

trial by jury and whether R.C. 4121.80 abolishes a trial by jury.

Appellee contends that because appellant made no objection and proceeded in the action without a jury, he has waived his right to a jury. Appellant properly filed his jury demand with his complaint. Civ. R. 38(D) provides:

"The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Although a jury demand may be withdrawn with the consent of the parties as prescribed by Civ. R. 38, a jury trial once demanded may not be waived except by the exclusive method set forth in Civ. R. 39. *Carl Sectional Home, Inc.* v. *Key Corp.* (1981), 1 Ohio App. 3d 101, 1 OBR 403, 439 N.E. 2d 915; *Cincinnati Ins. Co.* v. *Gray* (1982), 7 Ohio App. 3d 374, 7 OBR 474, 455 N.E. 2d 1080.

Civ. R. 39(A) provides that once a jury demand is properly made the cause shall be docketed as a jury action and trial shall be by jury unless the parties, by written stipulation or oral stipulation made in open court and recorded, consent to a trial by the court sitting without a jury. "Under Civ. R. 39(A), a silent record means that the previously demanded right to a jury trial is still in effect, not having been waived." *Carl Sectional Home, Inc., supra,* at 104, 1 OBR at 407, 439 N.E. 2d at 919. Appellee has failed to demonstrate how the waiver requirements of Civ. R. 39(A) have been met. Since no waiver has been shown, the appellant has not waived his demand for a jury trial.

Appellee next asserts that R.C. 4121.80 abolishes trials by jury in an intentional tort case filed against an employer. First, R.C. 4121.80(D), effective August 22, 1986, states, in pertinent part:

"In any action brought pursuant to this section, the *court* is limited to a determination as to whether or not the employer is liable for damages on the basis that the employer committed an intentional tort. If the *court* determines that the employee or his estate is entitled to an award under this section and that determination has become final, the *industrial commission* shall, after hearing, determine what amount of damages should be awarded. * * *" (Emphasis added.)

The use of the word "court" in the statute raises a question as to whether a judge with a jury or a judge without a jury is intended. The word "court" has been interpreted interchangeably in the law to mean either.

Second, R.C. 4121.80(C)(2) provides:

"Notwithstanding any other provision of law or rule to the contrary * * * the court shall dismiss the action:

"* * *

"(2) Upon a timely *motion for a directed verdict* against the plaintiff if after considering all the evidence and every inference legitimately and reasonably raised thereby most favorably to the plaintiff, the court determines that there is not sufficient evidence to find the facts required to be proven." (Emphasis added.)

A motion for directed verdict is a concept that applies exclusively in jury trial situations. As Wright and Miller have observed:

"Rule 50 [governing motions for directed verdict] applies only in cases tried to a jury with the power to return a binding verdict. It does not apply to cases tried without a jury nor to those tried to the court with an advisory jury." (Footnotes omitted.) 9 Wright & Miller, Federal Practice & Procedure (1971) 540, Section 2523.

Therefore, the language of the statute uses words which are susceptible of two different meanings. R.C. 4121.80 uses jury trial language mixed with non-jury trial language. This mixture of words makes it unclear whether the statute abolishes the right to a trial by jury. Since the statute is susceptible of two opposing meanings, interpretation is required.

Two rules of statutory construction must be applied. First, a court is duty bound whenever possible to interpret a statute to preserve its constitutionality. Second, when a statute is susceptible of two meanings — one of which would make the statute unconstitutional and the other of which would make it constitutional — courts are bound to give the statute that construction which would uphold its validity.

Section 5, Article I of the Constitution of Ohio states that "[t]he right of trial by jury shall be inviolate * * *." As it has been interpreted, the right to a jury trial is constitutionally guaranteed only in those cases where the right existed before the Ohio Constitution was adopted. *Pokorny* v. *Local No. 310* (1974), 38 Ohio St. 2d 177, 180, 67 O.O. 2d 195, 196, 311 N.E. 2d 866, 869; *Belding* v. *State, ex rel. Heifner* (1929), 121 Ohio St. 393, 169 N.E. 301. If the right to a jury trial for a particular cause of action was not recognized at common law, then Section 5, Article I is inapplicable.

"The right of jury trial exists in the common-law actions of * * * trespass * * * and consequently, in all civil actions under modern practice which formerly would have fallen within some one of these common-law forms of action." 47 American Jurisprudence 2d (1969) 658, Jury, Section 39.

Trespass was the remedy for all forcible, direct and immediate injuries, whether occasioned to person or property. Prosser & Keeton, Law of Torts (5 Ed. 1984) 29. The present-day intentional tort of battery evolved from the common-law trespass for battery. A trespass for battery was an action for bodily harm directly resulting from an act done with intent to bring about a harmful or offensive contact to another. 2 Restatement of the Law 2d, Torts (1965) 25, Section 13, Comment *a*.

The common law recognized the right to a trial by jury for the action known as trespass for battery. The recent expansion of the concept of intentional tort, to include those acts which a person is substantially certain will cause harm, does not negate the common-law origin of the tort. *Palcich* v. *Mar Bal, Inc.* (Dec. 24, 1987), Geauga App. No. 1394, unreported. Since the right to a jury trial existed at common law for any action of an intentional nature, Section 5, Article I of the Ohio Constitution applies and the legislature may not eliminate this right.

On review of legislative acts, a court is bound to give a constitutional, rather than an unconstitutional, construction, if one is reasonably available. *United Air Lines* v. *Porterfield* (1971), 28 Ohio St. 2d 97, 57 O.O. 2d 288, 276 N.E. 2d 629; *State* v. *Meyer* (1983), 14 Ohio App. 3d 69, 14 OBR 81, 470 N.E. 2d 156. To hold otherwise, it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible. *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E. 2d 59; *Monroeville* v. *Ward* (1971), 27 Ohio St. 2d 179, 182, 56 O.O. 2d 110, 112, 271 N.E. 2d 757, 759.

Some courts have held that R.C. 4121.80 eliminates the right to a jury trial. *Palcich, supra.* Since the statute is ambiguous, this court cannot say beyond a reasonable doubt that the legislation and the constitutional provisions are clearly incompatible. Accordingly,

this court finds that the statute did not eliminate jury trials and therefore is constitutional and not violative of Section 5, Article I of the Ohio Constitution.

This court finds that R.C. 4121.80 is susceptible of a constitutional construction and it must, therefore, be given such a construction in order to preserve its validity. For these reasons, appellant's second assignment of error is sustained.

### Assignment of Error I

"The trial court erred in finding that the evidence was insufficient to establish the requisite intent as defined in Section 4121.80 of the Ohio Revised Code entitling the plaintiff to additional benefits as a result of the injuries he sustained pursuant to the intentional conduct of his employer."

The appellant contends that the trial court's failure to find from the evidence that the appellee acted deliberately to cause appellant's injury was error. This court's disposition of appellant's second assignment of error renders the first assignment of error moot.

Accordingly, the judgment of the trial court is vacated and the matter is remanded for a new trial.

*Judgment reversed and cause remanded.*

BAIRD, P.J., and CACIOPPO, J., concur.

GEORGE, J., dissents.

GEORGE, J., dissenting. Historically, in 1982, the Supreme Court, in a series of cases, decided that intentional tort actions filed by an employee against his employer were outside the workers' compensation system and thus could be tried to a jury. See *Blankenship* v. *Cincinnati Milacron*

*Chemicals* (1982), 69 Ohio St. 2d 608, 23 O.O. 3d 504, 433 N.E. 2d 572; *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 15 OBR 246, 472 N.E. 2d 1046. In response to those decisions, in 1986, the legislature enacted an amendment to the Workers' Compensation Act, changing the course of the law as established by those Supreme Court decisions and eliminating jury trials.

While the statute is somewhat inartfully drawn, the legislative analysis is instructive. See, *e.g.,* Ohio Legislative Service Commission, 116th General Assembly, 1985-1986, Analysis of S.B. 307, wherein it states:

"The bill limits the court in an intentional tort action against an employer to the determination as to whether or not the employer is liable for damages based upon the commission of an intentional tort. Deliberate removal by the employer of safety guard equipment or deliberate misrepresentation of a toxic or hazardous substance is evidence, the presumption of which may be rebutted, of an act committed with the intent to injure another. The bill requires the court to dismiss the action if upon a motion for summary judgment, the facts required to be proved do not exist, or if upon a motion for a directed verdict against the plaintiff, the court determines, after considering all the evidence and every inference legitimately and reasonably raised thereby most favorably to the plaintiff, there is not sufficient evidence to find the facts required to be proven. *The decision will be made solely by a judge.* * * *" (Emphasis added.)

Accordingly, the legislative intent was to have a judge, sitting without a jury, decide intentional tort actions filed by an employee against his employer. Thus, the issue is: Can the legislature abolish the right to trial by jury in such cases without violating the

Constitution? To answer this question, another question must first be answered: Did the right to a jury trial, in an employee's intentional tort action against his employer, exist at common law and predate the adoption of the Ohio Constitution? The majority finds that it did, but I believe that the *Blankenship/Jones* cause of action is a newly created action first appearing in Ohio law in 1982. As a new cause of action, R.C. 4121.80(D) may be applied prospectively from its effective date, but it cannot be applied retrospectively because the right to a jury trial is a substantive right. See *Justice* v. *Kutter* (Dec. 23, 1987), Summit App. No. 2262, unreported, and *Kneisley* v. *Lattimer-Stevens Co.* (Aug 4, 1987), Franklin App. No. 86AP-1046, unreported, affirmed (1988), 40 Ohio St. 3d 354, 533 N.E. 2d 743, which discusses the nature of a jury trial.

Section 5, Article I of the Ohio Constitution provides that "the right of trial by jury shall be inviolate." This constitutional guarantee applies to all cases where the right to a jury trial existed before adoption of the Ohio Constitution. *Pokorny* v. *Local No. 310* (1974), 38 Ohio St. 2d 177, 180, 67 O.O. 2d 195, 196, 311 N.E. 2d 866, 869; *Belding* v. *State, ex rel. Heifner* (1929), 121 Ohio St. 393, 169 N.E. 301. Thus, the issue really revolves around whether an employer's "intentional tort," as defined in *Jones, supra,* and R.C. 4121.80(G)(1), is a cause of action which predated adoption of the Ohio Constitution.

The right of an employee to sue his employer for an "intentional tort," as that term has been defined in *Jones, supra,* is a common-law right first recognized in *Blankenship, supra.* The *Blankenship* court held, for the first time in Ohio law, that an employer's constitutional immunity did not extend to intentional torts committed by an employer. Subsequently, in *Jones, supra,* paragraph one of the syllabus, the Supreme Court defined what it meant by an "intentional tort." It defined it as:

"* * * an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur."

This definition includes elements both of negligence and tortious conduct. It mixes the negligent injury with the intentional injury. Thus, it is a hybrid form of action unknown in the early common law of this state. Because of this, an "intentional tort," as defined in *Jones, supra,* is not analogous to an assault and battery. So that, as the majority notes, while assault and battery is a cause of action predating the adoption of the Ohio Constitution, I believe the nature of an assault and battery is not harmonious with that of an employer's intentional tort. See *Bertolino* v. *Wheeling-Pittsburgh Steel Corp.* (Apr. 15, 1987), N.D. Ohio No. C85-156(A), unreported.

Therefore, the right of an employee to sue his employer for an "intentional tort," as that term was first defined in *Jones, supra,* is a common-law right which did not exist until the decision rendered in *Blankenship, supra.* Since R.C. 4121.80(G)(1) statutorily follows the Supreme Court's definition, it, too, originates from *Blankenship* and *Jones, supra,* and does not predate the adoption of the Ohio Constitution.

Therefore, R.C. 4121.80(D), abolishing the right to a trial by jury, is constitutional and not violative of Section 5, Article I of the Ohio Constitution. The second assignment of error should be overruled.