**Mike O. BRADY, et al., Plaintiffs,**

**v.**

**SAFETY–KLEEN CORP., Defendant.**

**No. C2–87–1548.**

United States District Court,
S.D. Ohio, E.D.

April 21, 1989.

Frank A. Ray, Columbus, Ohio, and C. Michael Piacentino, Marion, Ohio, for plaintiffs.

James E. Davidson, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

GRAHAM, District Judge.

This matter is before the court on defendant's motion pursuant to Fed.R.Civ.P. 12(f) to strike plaintiffs' claim for damages and jury demand as to count one of the complaint. This count asserts a claim for damages under the Ohio workers' compensation system pursuant to Ohio Revised Code § 4121.80, governing intentional tort claims. Under § 4121.80(A), an employee may bring a cause of action against his employer for damages for intentional tort which exceed the amount payable in workers' compensation benefits. Section 4121.-80(D), Ohio Revised Code, governs the procedure to be followed in such an action, and provides in relevant part:

> In any action brought pursuant to this section, the court is not limited to a determination as to whether or not the employer is liable for damages on the basis that the employer committed an intentional tort. If the court determines that the employee or his estate is entitled to an award under this section and that determination has become final, the industrial commission shall, after hearing, determine what amount of damages should be awarded.

Under § 4121.80(D), the amount of any intentional tort award may not exceed one million dollars, and the award must be paid from the intentional tort fund established by § 4121.80(E). The Ohio Supreme Court has construed § 4121.80(D) as precluding a trial by jury on the issues of liability and

damages. *See Kneisley v. Lattimer-Stevens Co.*, 40 Ohio St.3d 354, 357, 533 N.E.2d 743 (1989).

Plaintiffs respond to defendant's motion to strike by arguing that § 4121.80(D) is unconstitutional both under Ohio and federal law. Several courts have addressed the constitutionality of § 4121.80(D), but most courts have done so in the context of the retroactive application of that section pursuant to § 4121.80(H) to claims which arose prior to the effective date of § 4121.80. Here, plaintiffs' claims arose after the effective date of the statute. While the Ohio Supreme Court upheld the constitutionality of the workers' compensation system in general in *State ex rel. Yaple v. Creamer*, 85 Ohio St. 349, 97 N.E. 602 (1912), that court has not yet addressed whether § 4121.80(D), applied prospectively, violates Article I, § 5 of the Ohio Constitution, which guarantees the right to a jury trial. The Ohio courts of appeals are divided on the issue. In *Clegg v. Quarto Mining Co.*, Slip Op. No. 638, 1989 WL 33684 Seventh District Court of Appeals, decided April 5, 1989, the court upheld the trial court's finding that the statute was constitutional. *See also Kowal v. Ohio Poly Corp.*, 34 Ohio Misc.2d 22, 518 N.E.2d 61 (C.P.1987). In *Palcich v. Mar Bal, Inc.*, Slip Op. No. 1394, 1987 WL 31715 Eleventh District Court of Appeals, decided December 24, 1987, the court concluded that § 4121.80(D) is an unconstitutional limitation on the right to a jury trial provided by Article I, § 5. In *Bishop v. Hybud Corp.*, 42 Ohio App.3d 55, 536 N.E.2d 694 (1988), a divided Court of Appeals of Summit County construed § 4121.80(D) as not abolishing a right to a jury trial, thereby preserving the constitutionality of the statute, and further indicated that if the statute did eliminate jury trials, it would violate Article I, § 5. This interpretation of § 4121.80(D) would appear to be contrary to the Ohio Supreme Court's construction of the statute in *Kneisley, supra*. Judge George, dissenting in *Bishop*, expressed the opinion that the cause of action in intentional tort against an employer, first recognized in *Blankenship v. Cincinnati Milacron Chemicals*, 69 Ohio St.2d 608, 433 N.E.2d

572 (1982) and *Jones v. VIP Development Co.*, 15 Ohio St.3d 90, 472 N.E.2d 1046 (1984) and later incorporated into § 4121.80, did not predate the adoption of the Ohio Constitution, and therefore § 4121.80(D) does not run afoul of the Ohio Constitution.

In *Bertolino v. Wheeling Pittsburgh Steel Corp.*, Case No. C85–156A, Slip Op. 1987 WL 54406 Northern District of Ohio, decided April 15, 1987, Judge Dowd reached the conclusion that § 4121.80(D) does not violate Article I, § 5 of the Ohio Constitution. This court agrees with the analysis of Judge Dowd in *Bertolino* and with that of the dissent in *Bishop* and finds that § 4120.80(D) is not unconstitutional under Article I, § 5.

Plaintiffs also challenge § 4121.80(D) as being violative of the Seventh Amendment of the United States Constitution. However, the Supreme Court has upheld a state workers' compensation scheme against such an attack on at least one occasion in *Mountain Timber Co. v. State of Washington*, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685 (1917). The Seventh Amendment has no application to proceedings in state courts. *Id.* at 235, 37 S.Ct. at 263. Insofar as the Seventh Amendment is applicable to proceedings in federal courts, this court doubts that the claim involved in count one is such as would fall within the ambit of Seventh Amendment protection.

Plaintiffs further allege that § 4121.80(D) deprives them of equal protection of the law, in that it limits the amount they could recover in damages. Plaintiffs further argue that the statute deprives them of due process of law. However, Judge Dowd in *Bertolino* found that § 4121.80 did not violate the plaintiff's equal protection rights, quoting from *Goetz v. Aetna Casualty and Surety Co.*, 710 F.2d 561, 564 (9th Cir.1983):

> The constitutionality of the substitution of an exclusive remedy in workers' compensation benefits for the common-law right to sue an employer—the foundation of virtually all workers' compensation schemes—has long been settled.

In *Allen v. Eastman Kodak Co.*, 50 Ohio App.2d 216, 362 N.E.2d 665 (1976), the court addressed similar federal equal protection and due process challenges made against the Ohio workers' compensation system. Following a review of several decisions of federal courts, the court in *Allen* concluded that the Ohio system did not violate principles of due process and equal protection. *Id.*, 362 N.E.2d at 671.

The United States Supreme Court has also upheld state workers' compensation statutes against complaints that those statutes violated due process and equal protection principles. In *New York Central Railroad Co. v. White*, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917), the Court held that a statutory scheme which deprived employees of a jury trial and of higher damages which might otherwise be recovered at common law did not violate due process, and that state legislatures were free to modify common law rules regarding the rights and liabilities of employers and employees.

In *Hawkins v. Bleakly*, 243 U.S. 210, 37 S.Ct. 255, 61 L.Ed. 678 (1917) the Supreme Court held that a state workers' compensation statute which invested factfinding responsibilities in an administrative body was not objectionable on due process grounds. The Supreme Court upheld a Texas workers' compensation act in the face of due process and equal protection attacks in *Middleton v. Texas Power & Light Co.*, 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919).

These cases indicate that § 4121.80 is constitutional. The court agrees that the claim under that statute must be tried to the bench on the issue of liability. However, plaintiffs have advanced other claims which will be submitted to the jury. The court notes, as did Judge Dowd in *Bertolino,* that an intervening decision of the Ohio Supreme Court resolving this issue might result in plaintiffs' being entitled to a jury trial on the count one claim. Therefore, in the interests of judicial economy, the court proposes to adopt the procedure employed by Judge Dowd. Specifically, the court will impanel a jury to hear the entire case and will submit interrogatories to the jury as to count one to obtain an advisory verdict. The court will also make independent findings as to that claim.