{¶ 55} I concur with the majority, but write separately, regarding the disposition of assignment of error three. I respectfully dissent regarding the disposition of assignment of error four, and would reverse the trial court's holding that appellants waived their right to jury trial.
 {¶ 56} Regarding assignment of error three, the majority asserts that appellants needed to use a Civ.R. 45 subpoena to compel Mr. Cadle's attendance at hearing. Civ.R. 45 subpoenas are applicable to non-party witnesses. Mr. Cadle was the corporate representative of a party. A Civ.R. 30 subpoena is the appropriate instrument to compel the attendance of such persons.
 {¶ 57} Regarding assignment of error four, once demand for a jury trial has been made, the civil rules recognize only three avenues of circumvention. First, the parties may, on the record, stipulate to a bench trial, pursuant to Civ.R. 39(A)(1). Second, the trial court may find that the right to jury trial does not exist. This includes a finding of waiver due to failure by a party to answer or appear, pursuant to Civ.R. 39(A)(2). Third, the party making the jury demand, with the consent of the other parties, may withdraw the demand, pursuant to Civ.R. 38(D). SeeHaddix v. Mercury Marine (July 10, 1992), 6th Dist. No. L-91-270, 1992 Ohio App. Lexis 3563, at 2-3; Bishop v. HybudEquip. Corp. (1988), 42 Ohio App.3d 55, 57; Cincinnati Ins. Co.v. Gray (1982), 7 Ohio App.3d 374, 377.
 {¶ 58} Further, pursuant to Civ.R. 83, trial courts are permitted to make local rules, including rules regarding waiver of jury trial. Such rules must be "moderate and reasonable regulations of the right of trial by jury * * *." Walters v.Griffith (1974), 38 Ohio St.2d 132, 133, at the syllabus. Portage County Loc.R. 10.04, relied on by the majority, provides that if a defendant fails to appear personally or by counsel at a pretrial, plaintiff may waive its jury demand, and allow the court to hear evidence and decide the case. Appellants herein, plaintiffs below, made a jury demand. Jury trial was set. Appellants failed to appear at the May 20, 2005 pretrial. Portage County Loc.R. 10.04 is inapplicable. If the trial court wished to advance by way of bench trial, it should have made a finding, on the record, that appellants had waived their right to a jury trial pursuant to Civ.R. 39(A)(2) and Portage County Loc.R. 11. It failed to do so.
 {¶ 59} Failure by a party to attend a hearing at which the court has directed the party to appear may be interpreted as a failure to prosecute, leading to a Civ.R. 41(B)(1) dismissal. Portage County Loc.R. 10.01 makes attendance at pretrials mandatory for parties and their counsel, unless an excuse for good cause is submitted to the court one day in advance. Portage County Loc.R. 10.03 provides that the court may dismiss an action without prejudice if a plaintiff or plaintiff's counsel fails to appear at a pretrial.
 {¶ 60} In sum, the proper procedure in this case was not to find a waiver of appellants' right to a jury trial, and hold a bench trial, as a result of their failure to appear at the May 20, 2005 pretrial. Rather, the trial court either should have dismissed the case without prejudice, pursuant to Portage County Loc.R. 10.03, or it should have dismissed it due to failure of prosecution, pursuant to Civ.R. 41(B)(1).
 {¶ 61} Accordingly, I concur with respect to assignment of error three, and respectfully dissent with respect to assignment of error four.